## BERTIS MAE RICHARDSON v. ERNEST McCAIN RICHARDSON.

(Filed 23 November, 1966.)

### 1. Divorce and Alimony § 16—

A wife is entitled to alimony without divorce under G.S. 50-16 if the husband separates himself from her and fails to provide her and the children of the marriage with necessary subsistence, and the wife is also entitled to relief thereunder if the husband is guilty of misconduct that would constitute cause for divorce, either absolute or from bed and board, including abandonment as defined by G.S. 50-7, and therefore if the husband abandons the wife within the purview of G.S. 50-7 she is entitled to alimony without divorce, notwithstanding that he may continue to provide support for her and the children of the marriage.

### 2. Divorce and Alimony § 8—

There is an abandonment of the wife within the purview of G.S. 50-7 if the husband without consent of the wife and without justification ceases cohabitation without the intention of renewing it, and while his failure to provide her adequate support thereafter may be evidence of abandonment, the mere fact that he does provide adequate support for her does not negate abandonment, abandonment under G.S. 50-7 not being synonymous with the offense of abandonment as defined in G.S. 14-322.

### 3. Divorce and Alimony § 16—

Where the wife offers evidence that the husband ceased cohabitation with her without justification and against her desires, the evidence is sufficient to make out an abandonment supporting an award of alimony without divorce, and nonsuit is improperly entered upon the ground that the wife failed to introduce evidence that the husband ceased to provide adequate support for her and the children of the marriage.

APPEAL by plaintiff from *Latham, Special Judge,* May 2, 1966 Civil Session of RANDOLPH.

Plaintiff instituted this action May 3, 1965, under G.S. 50-16, for alimony without divorce. She alleged she and defendant were married January 3, 1948, and that their only living child, Ernest Steve Richardson, was eight years old. She prayed for subsistence for herself and the child, for custody of the child (subject to reasonable visitation by defendant), for possession of the homeplace, and for allowance of fees to her counsel.

In brief summary, plaintiff alleged that defendant, without any provocation by plaintiff, on or about March 27, 1965, abandoned the plaintiff and their child, and also that defendant, by his conduct, offered such indignities to her person as to render her condition intolerable and life burdensome. The alleged indignities consisted largely of defendant's persistent attentions to and association with one Thelma East. Plaintiff alleged defendant had failed to provide adequately for the support of herself and of her child. The

reason, so plaintiff alleged, was that defendant was squandering his money on Thelma East.

Defendant denied all of plaintiff's essential allegations.

The only evidence was that offered by plaintiff. At the conclusion thereof, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit and dismissed the action.

*Ottway Burton for plaintiff appellant.*
*Walker, Anderson, Bell & Ogburn for defendant appellee.*

BOBBITT, J. Plaintiff's primary contention is that the court erred in granting defendant's motion for nonsuit.

With reference to the alleged abandonment: Plaintiff offered evidence tending to show that defendant, without any provocation by plaintiff, left the home on March 27, 1965, and thereafter lived elsewhere. Pertinent to what occurred on March 27, 1965, plaintiff testified: "When he left, he said he was going to leave and that he was going to stay away and I would say, 'Bud, you are making a mistake.' I said, 'Can't you think about what you are doing?' I said, 'Can't you try to do right?' and I said 'For Steve's sake, everybody's sake,' and he just couldn't agree with that. He said he was going to leave anyway."

*One* of the grounds for relief under G.S. 50-16 exists "(i)f any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life." Defendant contends plaintiff's evidence discloses defendant had provided plaintiff and their son with subsistence and therefore nonsuit was proper.

G.S. 50-16 also provides the wife is entitled to the relief prescribed therein if the husband "be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board."

"G.S. 50-7 provides, as a ground for divorce from bed and board: '1. If either party abandons *his* or *her* family.' (Italics added.) It is available to the husband as well as to the wife. Abandonment under G.S. 50-7(1) is not synonymous with the criminal offense defined in G.S. 14-322. 'In a prosecution under G.S. 14-322, the State must establish (1) a wilful abandonment, and (2) a wilful failure to provide adequate support.' *S. v. Lucas,* 242 N.C. 84, 86 S.E. 2d 770. True, the husband's wilful failure to provide adequate support for his wife may be evidence of his abandonment of her, but the mere fact that he provides adequate support for her does not in itself negative abandonment as used in G.S. 50-7(1). 'A wife is entitled to her husband's society and the protection of his

name and home in cohabitation. The permanent denial of these rights may be aggravated by leaving her destitute or mitigated by a liberal provision for her support, but if the cohabitation is brought to an end without justification and without the consent of the wife and without the intention of renewing it, the matrimonial offense of desertion is complete.' 17 Am. Jur., Divorce and Separation Sec. 98." *Pruett v. Pruett,* 247 N.C. 13, 23, 100 S.E. 2d 296, 303. Accord: 24 Am. Jur. 2d, Divorce and Separation § 104; Nelson, Divorce and Annulment, Second Edition, Vol. I, § 4.05; Lee, North Carolina Family Law, Vol. 1, § 80, p. 305.

In *Thurston v. Thurston,* 256 N.C. 663, 124 S.E. 2d 852, the defendant (husband) assigned as error the allowance of alimony and counsel fees *pendente lite.* The order was based on a finding of fact "that the defendant, without just cause or reason, and without adequate provocation on the part of the plaintiff, . . . wilfully and deliberately abandoned his family within the meaning of G.S. 50-7(1)." The *pendente lite* order was affirmed. Higgins, J., after quoting with approval from *Pruett v. Pruett, supra,* stated: "A defendant may not abandon his wife and defeat an action under G.S. 50-7(1) by making voluntary payments which he may abandon at will." In this connection, see *Sguros v. Sguros,* 252 N.C. 408, 114 S.E. 2d 79.

In *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24, the wife's application for alimony *pendente lite* was denied on the ground the defendant was providing adequately for his wife and children. The court made no specific finding as to whether the husband had wilfully abandoned his wife and children. This Court affirmed the *pendente lite* order, basing its decision upon the presumption that the court below, "for the purposes of the motion, resolved the crucial issues of fact against plaintiff." It is noted that an allowance of a fee to plaintiff's counsel was made in said *pendente lite* order.

"The statute (G.S. 50-16) provides two remedies, one for alimony without divorce, and another for subsistence and counsel fees pending trial and final disposition of the issues involved." *Deal v. Deal, supra; Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443; *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. Only the first of these remedies is involved on this appeal. Alimony *pendente lite* is not involved. The trial below was on the merits.

Having reached the conclusion that the evidence, when considered in the light most favorable to plaintiff, was sufficient to support a finding that defendant without just cause abandoned plaintiff as alleged, and that the judgment of involuntary nonsuit must be reversed, we do not consider plaintiff's numerous assignments of

error based on exceptions to rulings by the court with reference to the admissibility of evidence.

Reversed.