GRACE FERGUSON GARNER v. JOHNIE D. GARNER.

(Filed 3 May, 1967.)

**Divorce and Alimony § 18;    Appeal and Error § 46—**

> An order of the court directing the husband to make specified payments to his wife until the birth of their child, without any provision for payments thereafter, expires upon the birth of the child, and upon the hearing of a motion for subsistence and counsel fees *pendente lite* made after the birth of the child it is error for the court to hold that the prior order should not be modified, and the discretionary order of the court that the matter should be continued under the prior order will be vacated and the cause remanded, since such discretion was not exercised with respect to the controlling factual conditions.

APPEAL by plaintiff from *Johnston, J.,* 24 October 1966 Civil Session of the Superior Court of RANDOLPH County.

The defendant's first wife died 28 September 1965. Less than six months later he married the plaintiff who was then pregnant with his child. The child was born within six months of the marriage. Some ten weeks later, the new marriage ended in separation, and the defendant and his bride entered into an agreement whereby the husband agreed to pay $60.00 per month to his wife for six months and to pay $30.00 per month for the support of the expected child. Each released the other from any more obligations. This agreement was approved in accordance with the statute in which a justice of the peace found that it was not unreasonable or injurious to the wife.

The plaintiff initiated this action on 19 July 1966 in which she sought support under the provisions of G.S. 50-16, alleging that the separation agreement was, on its face, unreasonable to her, and that the defendant was earning $1,000.00 per month. When the matter came on before Judge Latham, the parties agreed upon a payment to the wife of $100.00 per month, until the birth of the child, without prejudice to the claims of either. This agreement was put in the form of an order and was signed by Judge Latham. It contained the following:

> "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, in the discretion of the court:
>
> "I.    That the defendant shall pay into the office of the Clerk of Superior Court of Randolph County the sum of One Hundred and 00/100 ($100.00) Dollars per month for the support of the plaintiff. That the first payment shall be due today and a like sum of One Hundred and 00/100 ($100.00) Dollars shall be paid on the 1st day of each successive month thereafter until the birth of the child. That the clerk of Superior Court shall disburse these sums to the plaintiff."

The order contained no provision for the support of the wife other than the section quoted above.

The defendant was cited for contempt for failing to comply with his agreement *and* the order of the court, and upon a hearing before Judge Walter E. Brock on 19 September 1966, the court found that "the defendant was in arrears on the payments due on said order at the time a warrant issued for him for issuing a worthless check, however, since said time the court further finds as a fact that the defendant has not only paid the payment due that was in arrears at the time of the issuing of this order but the September payment as well." The judge then ordered that the defendant pay plaintiff's attorney $25.00 for representing the plaintiff in this contempt matter. This is the import of the order, there being no finding as to contempt, or the lack of it, and no order discharging the defendant nor providing for future payments.

On the same date, but in an additional order, Judge Brock allowed the motion of the defendant that parts of Mrs. Garner's complaint be stricken and allowed her 20 days within which to file an amended complaint. This having been done, the plaintiff again sought an order of support, and a hearing was had before Judge Johnston on 25 October 1966. The resulting order was as follows:

> "This matter coming on to be heard before the undersigned Judge presiding at the October 24, 1966 Civil Session of Superior Court of Randolph County upon motion by the plaintiff for alimony *pendente lite,* custody and support of the minor child born of the marriage of the plaintiff and the defendant and for reasonable counsel fees in the above entitled action and it appearing to the court that an order has heretofore been filed in the cause on August 9, 1966, signed by his Honor James F. Latham and that no modification of that order should be made at this time.
>
> "THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED in the discretion of the court that this matter be continued under the order heretofore entered in the cause."

From the foregoing order of Judge Johnston, the plaintiff appealed.

*Ottway Burton, Attorney for plaintiff appellant.*

*Walker, Anderson, Bell & Ogburn by Deane F. Bell, Attorneys for defendant appellee.*

PER CURIAM. The law applicable to this case is well stated in *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745, where Seawell, J., speaking for the Court, said:

"The allowance of support and counsel fees *pendente lite* in a suit by the wife against the husband for divorce or alimony without divorce is, in certain aspects, within the discretion of the court. It is not, however, an absolute discretion to be exercised at the pleasure of the court and unreviewable. It is to be exercised within certain limits and with respect to factual conditions which are controlling. Generally speaking (and excluding statutory grounds for denial), allowance of support to an indigent wife while prosecuting a meritorious suit against her husband under G.S. 50-16, for alimony without divorce — and in similar actions here and elsewhere — is so strongly entrenched in practice as to be considered an established legal right. In such case discretion is confined to consideration of the necessities of the wife on the one hand, and the means of the husband on the other. But to warrant such allowance the court is permitted and expected to look into the merits of the action, and would not be justified in allowing subsistence and counsel fees where the plaintiff, in law, has no case.

"The Court is of opinion that the jurisdiction of the court invoked under G.S. 50-16, is not barred by the separation agreement pleaded, and that within the frame of her present action, the plaintiff may seek such relief as she may be entitled to have." (Citations omitted)

Judge Latham's order of 9 August 1966 had no provision for the support of the expected child which was born one month later, September 9, 1966. The order provided for the support of the mother "until the birth of the child." Consequently, the order had expired when the cause was heard before Judge Johnston on 25 October 1966.

Upon the admission of the defendant before Judge Johnston that he was making $200.00 a week and the allegation by the wife that she had no income whatever except from the charity of her people, the court was required to exercise its discretion. Although the order of Judge Johnston includes the phrase "in the discretion of the court," it would appear from this record that it was not "exercised with respect to factual conditions which are controlling," and that the plaintiff is entitled to an award for herself and her baby unless upon a further hearing facts are shown which do not appear in the present record.

The cause is remanded for a hearing upon the application of the plaintiff for support of herself and her child and for the exercise of the sound discretion of the court.

Error and remanded.