BETTY R. REAVIS v. HUBERT J. REAVIS.

(Filed 1 November, 1967.)

**Divorce and Alimony § 18—**

 Allowance of subsistence to the wife for the support of herself and the
children of the marriage, considered in the light of the husband's earn-
ings and fixed expenses is upheld in this case, notwithstanding the allow-
ance to the wife be insufficient for her needs and the balance remaining
to the husband be insufficient for his separate living expenses and ex-
penses in connection with his job, since the order is as reasonable and
equitable as the circumstances permit.

APPEAL by defendant from *McLaughlin, J.*, 5 August 1967, in
Chambers.

The plaintiff is seeking alimony without divorce under G.S. 50-16.

She alleged that she and the defendant were married on 10 July
1954 and have three children, ages eleven, seven and six years; that
for a long period of time the defendant had abused her and the
children, drank excessively, had affairs with other women, used vul-
gar language to the plaintiff in the presence of the children and re-
cently has displayed a dangerous and violent temper; that he has
choked her, knocked her down in the yard, torn her clothing off, and
threatened to kill her. That on 17 June 1967, without provocation
on her part, the defendant went into a violent rage which lasted for
two days, during which time he struck her and forced her to take

the children and flee from her home. She alleged that the defendant earned in excess of $150.00 per week and asked an order of support for herself and for the children whose custody she seeks.

The defendant denied all the above allegations, specifically saying that he has never choked the plaintiff or knocked her down, torn her clothing, threatened to kill her, or forced her to leave home. He said his average weekly take-home pay was $60.36 and detailed his necessary expenses as requiring $45.00 per week, in addition to payments due on debts exceeding $500.00. He stated that he wanted the plaintiff to return to their home in the interest of economics and for the welfare of the children. He prayed that the Court would make no allowance to the plaintiff and that he be awarded the custody of the children.

Both parties offered affidavits in support of their respective positions.

After considering the evidence, hearing the arguments of counsel, and privately conversing with the children (with the consent of the parties), Judge McLaughlin awarded the custody of the children to the plaintiff and ordered the defendant to pay $32.50 per week for the support of his wife and children, gave the plaintiff possession of the home and required that defendant continue to pay the installments of $62.00 per month due on the purchase price of the home.

From this order, the defendant appealed.

*William E. Hall, Attorney for defendant appellant.*

*Claude Hicks and Peter W. Hairston, Attorneys for plaintiff appellee.*

PER CURIAM. This case presents an unanswerable problem. In these days of high taxes, inflation, and the extremely expensive cost of living, it is almost impossible for the average wage earner to support himself and his family. It can be done only by the most frugal and careful budgeting of the income. In this case, the income of the wage earner has to be allocated in such manner that the wife and three children can subsist while leaving enough for the husband to live elsewhere, travel back and forth from his work, buy his meals, and pay the other necessary expenses of living. It can't be done!

The defendant's claim that his fixed expenses reduce his weekly take-home pay to $60.36 does not appear to be exaggerated or unreasonable. However, if it is accepted it means that that small amount must be so allocated that it will support the wife and three

children living in the home and the defendant in a rented room or apartment with the cost of meals and food at cafe or boardinghouse prices. To leave the defendant with only $28.86 per week for this purpose is obviously unrealistic.

On the contrary, to expect Mrs. Reavis to feed, clothe, and otherwise support herself and three children on $32.50 per week is even more unreasonable. If the husband cannot support himself on $28.86 per week, how much should a wife and three children have?

We don't know the answers and neither does anyone else. Faced with this kind of problem, Judge McLaughlin could not do right — he could only hope to do as little wrong as possible. If any person, be he judge, banker or merchant, can make $60.36 per week do what is required here, he is a genius in economics and finances.

In his judgment, which we are sure Judge McLaughlin would enthusiastically improve, except for the handicap of too little money for too many people, we find

No error.