HAZEL MARIE ROBBINS BRADY v. WILLIAM GLENN BRADY.

(Filed 20 March 1968)

**1. Divorce and Alimony § 18—**

Chapter 1152, 1967 Session Laws, repealing G.S. 50-16 and establishing G.S. 50-16.1, *et seq.*, as the authority in actions for alimony and alimony *pendente lite*, does not apply to an action instituted prior to the 1967 enactment.

**2. Same—**

The remedy of subsistence and counsel fees *pendente lite* enables the wife to maintain herself according to her station in life and to employ counsel in order to meet her husband at the trial upon substantially equal terms.

**3. Same—**

The amount of subsistence and counsel fees *pendente lite* is within the discretion of the court, and such discretion is not absolute but is confined to a consideration of the necessities of the wife and the means of the husband.

**4. Same—**

Allegations and proof by the wife that the defendant had offered such indignities to her as to render her condition intolerable and her life burdensome, and that she consequently left the home, *are held* sufficient to support a finding that the husband abandoned the wife.

**5. Same— .**

In the wife's action for alimony without divorce pursuant to G.S. 50-16, the court, in a hearing to determine subsistence and counsel fees *pendente lite*, is not bound by findings in a similar hearing in the wife's previous action where the wife took a voluntary nonsuit before defendant asserted any claim or demanded affirmative relief.

**6. Same—**

A finding by the court that it was not within the means of the defendant husband to maintain two separate living establishments is an improper predicate for denying the wife's claim for subsistence and counsel fees *pendente lite*.

**7. Same—**

Where the court's finding with respect to the wife's unfitness to have custody of the children is contrary to the medical testimony, and where the court's finding with respect to the wife's ability to support herself is not supported by any evidence, it appears that the court did not exercise its discretion in the light of controlling factual conditions, and the cause is remanded for further hearing.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Bailey, J.*, 27 March 1967 Civil Session of RANDOLPH. Docketed and argued as Case No. 603, Fall Term 1967, and docketed as Case No. 601, Spring Term 1968.

This is an action for alimony without divorce under the provisions of G.S. 50-16. Plaintiff and defendant were married on 3 September 1951, and three children were born of the marriage. They were ages 7, 8 and 11 years at the time of institution of this action by summons issued 3 March 1967.

Plaintiff alleged that defendant is a habitual drunkard, that he has falsely accused her of sexual promiscuity, that he has been "con-

BRADY *v.* BRADY.

ducting an affair" with a named third party, that he has on many occasions brutally slapped her, that he refuses to eat or sleep with her, that he has cursed her, that on 14 February 1967 she was forced to take the three children and leave the home for that defendant failed to provide necessary food for them, that since 14 February 1967 the defendant has wilfully failed and refused to support plaintiff and their three children, that such acts were without any provocation whatsoever on the part of the plaintiff and that they have made her condition intolerable and her life burdensome. She further alleged that she and the defendant are owners in fee simple of a home in Randolph County, that defendant will not leave the home, and that she has had to take the children and move into an apartment in the town of Randleman. She also alleged that she is without sufficient funds to support herself and their children and to bear the cost of litigation; that she is physically able to care for the children and is a fit and proper person to have custody. She asked the court to grant her subsistence, custody and support of the children, counsel fees, and a writ of possession for the homeplace.

Except for the facts of marriage, and birth of the children, defendant denied plaintiff's allegations. By way of further answer, he alleged that he has worked hard to support his family, that he recently completed a home which was built according to plaintiff's plans, that plaintiff has continually stated that she hates the home and does not want to stay there any more, that he has never been intoxicated and does not now drink "except on occasions," that for a period of several months prior to institution of this action plaintiff had been through a severe stress due in part to her physical condition, that she "swore out a peace warrant against" him and later withdrew the complaint, that she withdrew the sum of $945 from their joint savings and loan account, deposited it in the children's names and her name and refused to let him have any of the money to pay household bills, that plaintiff professes love for him and expresses the desire to continue the marriage one day and on the next day curses him and tells him to leave and never come back, and that she has persisted in leaving him without just cause. Defendant further alleged that on 26 January 1967 plaintiff instituted an action against him which was substantially the same as the present action, that a hearing was held in the former action on 2 February 1967 before Olive, E.J., and that following the hearing the court found that the defendant had not offered indignities to the person of plaintiff so as to make life burdensome and intolerable, and denied plaintiff's request for relief.

This cause was heard on motion of plaintiff for subsistence and

BRADY *v.* BRADY.

counsel fees *pendente lite,* custody and support of the children, and possession of the home. Plaintiff introduced evidence by affidavit and her own testimony in support of the allegations of her complaint. She testified that all of the affidavits introduced in evidence were furnished after the hearing on 2 February 1967, and that no affidavits had been used at that hearing. It was the consensus of affiants that plaintiff is a fit and proper person to have custody of the children. There was evidence aside from plaintiff's complaint treated as an affidavit to support the indignities alleged by her.

After the hearing the court found facts, including the following to which plaintiff excepted:

"That the plaintiff brought an action against the defendant containing substantially similar allegations as this action on 26 January 1967, and being S. D. Number 3186.

"That thereafter the plaintiff took a voluntary nonsuit in said action and on 3 March 1967 instituted the instant action seeking substantially the same relief upon substantially the same grounds.

"That the plaintiff has suffered from vertigo at least since December 1960.

"That in early 1962 she was treated for acute depressive reaction which has continued until at least January 1967.

"That on two occasions since 12 February 1967 the plaintiff has sought to have the defendant placed under a peace bond, and in one instance the relief sought was denied and in the other the plaintiff withdrew the matter before it could be heard.

"That since 25 January 1967 the plaintiff has instituted four actions against the defendant causing the defendant to incur substantial expense in defending said actions.

"That the defendant earns a net income after taxes of approximately $4,000.00 per year, and pays $64.00 per month plus $4.13 per month for insurance upon the indebtedness on the home owned by the plaintiff and the defendant.

"That it is not possible to maintain two places of abode and two separate living establishments within the means of the defendant.

"That the defendant is a fit and proper person to have custody of the minor children of the marriage.

"That the plaintiff *except for her health problems* is a fit and proper person to have custody of said children. (Plaintiff excepts to the underlined portion only.)

"That said interests can best be served by placing the care, custody, control and tuition of said children with their father with reasonable visitation rights granted to their mother.

"That the plaintiff has worked in the past and when relieved of the necessity of caring for said children will probably be able to support herself.

"That the plaintiff has not made out a case upon which the relief sought can be granted."

The court then entered judgment awarding custody of the children to the defendant with visitation rights for plaintiff, denying plaintiff's application for a writ of possession of the home, and restraining plaintiff from bringing any further action against the defendant for any matter or thing arising between them prior to 14 February 1967. The court found that plaintiff's counsel had already received reasonable compensation, *pendente lite,* paid from joint funds of plaintiff and defendant, and ordered no further amount for attorney fees. Plaintiff objected and excepted to the signing of the order and assigned as error the findings of fact itemized above, the court's conclusions, and the signing of the order.

*Walker, Bell & Ogburn by John N. Ogburn, Jr., for defendant appellee.*

*Ottway Burton for plaintiff appellant.*

PARKER, C.J.  G.S. 50-16, under which this action was brought, was repealed by Chapter 1152 of the 1967 Session Laws, effective 1 October 1967. The Act established G.S. 50-16.1 through G.S. 50-16.10 as the authority and procedure in actions for alimony and alimony *pendente lite.* Section 9 of the Act provides that it shall not apply to pending litigation. Decision in this case must rest upon our interpretation of G.S. 50-16 as it existed prior to the 1967 enactment. *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5.

The wife may institute action under G.S. 50-16 if the husband separates himself from her and fails to provide her and the children of the marriage with necessary subsistence, or if he shall be a drunkard or spendthrift, or if "he be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or

from bed and board." G.S. 50-16; *Richardson v. Richardson,* 268 N.C. 538, 151 S.E. 2d 12; *Thurston v. Thurston,* 256 N.C. 663, 124 S.E. 2d 852. G.S. 50-7 authorizes divorce from bed and board where either party (1) abandons his or her family, or "(4) Offers such indignities to the person of the other as to render his or her condition intolerable and life burdensome."

G.S. 50-16 "provides two remedies, one for alimony without divorce, and another for subsistence and counsel fees pending trial and final disposition of the issues involved." The remedy of subsistence and counsel fees *pendente lite* is intended to enable the wife to maintain herself according to her station in life and to employ counsel to meet her husband at the trial upon substantially equal terms. *Myers v. Myers,* 270 N.C. 263, 154 S.E. 2d 84; *Richardson v. Richardson, supra; Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226.

The amount of subsistence and counsel fees *pendente lite* to be allowed is within the discretion of the court, and the court's decision is not reviewable except for abuse of discretion or error of law. *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218; *Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589. However, the discretion of the court in making allowances *pendente lite* is not an absolute discretion to be exercised at the pleasure of the court. "It is to be exercised within certain limits and with respect to factual conditions which are controlling . . . Generally speaking (and excluding statutory grounds for denial), allowance of support to an indigent wife while prosecuting a meritorious suit against her husband under G.S. 50-16, for alimony without divorce . . . is so strongly entrenched in practice as to be considered an established legal right. . . . In such case discretion is confined to consideration of the necessities of the wife on the one hand, and the means of the husband on the other." *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745. These principles were quoted and applied in the case of *Garner v. Garner,* 270 N.C. 293, 154 S.E. 2d 46. The court, of course, must look into the merits of the action and would not be justified in making an allowance where the plaintiff, in law, has no case. The only defense limiting the power of the trial court to award subsistence is adultery of the wife, as set forth in the statute. Even when this defense is successfully interposed the court may allow reasonable counsel fees. *Oldham v. Oldham,* 225 N.C. 476, 35 S.E. 2d 332. "The granting of alimony *pendente lite* is given by statute for the very purpose that the wife have immediate support and be able to maintain her action. It is a matter of urgency." *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227.

The court below concluded "that the plaintiff has not made out

a case upon which the relief sought can be granted." The basis of this finding is not made clear in the record before us. Plaintiff's theory as set forth in the pleadings and evidence was that the defendant had abandoned her and had offered such indignities to her as to render her condition intolerable and life burdensome. This Court held in *McDowell v. McDowell,* 243 N.C. 286, 90 S.E. 2d 544, that allegations that plaintiff was compelled to leave her husband because of his willful failure and refusal to provide her with support and that his failure was without provocation on her part were sufficient to state a cause of action for alimony without divorce on the ground of abandonment. There was evidence from which the court below could have found an abandonment by defendant or an offer of such indignities as to render plaintiff's condition intolerable and life burdensome.

The trial court indicated that it had some question about its authority to find in favor of the plaintiff because of the previous similar action brought by her and the adverse ruling made at the hearing in that action. The finding made in the previous action was not binding in the present action. Where the defendant asserts no claim and demands no affirmative relief, plaintiff, in an action for alimony without divorce, may take a voluntary nonsuit. *Griffith v. Griffith, supra.* In the previous action between these parties, the plaintiff took a voluntary nonsuit as she was entitled to do. The pleadings filed in the earlier action do not appear in the record before us. Conceding that they were similar, there is at least one new allegation. In the present action the plaintiff alleged that she was forced to take her children and leave the home on 14 February 1967. This allegation obviously could not have been included in an action instituted 26 January 1967 and heard on 2 February 1967. Further, the evidence presented at the hearing in the present action was much more extensive than that presented at the hearing before Judge Olive. Affidavits of 14 persons were introduced at the hearing in the present action, whereas none were introduced at the previous hearing.

The court found as a fact "that it is not possible to maintain two places of abode and two separate living establishments within the means of the defendant." This finding may have had some bearing on the court's conclusion that the plaintiff had not made out a case upon which relief could be granted. It is not a proper ground upon which the court could base its conclusion. This Court said in *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728: "The granting of an allowance and the amount thereof does not necessarily depend upon the earnings of the husband. One who has no income, but is able-bodied and capable of earning, may be ordered to pay subsistence."

In *Reavis v. Reavis,* 271 N.C. 707, 157 S.E. 2d 374, this Court affirmed an order for support payments where the husband's weekly take-home pay was conceded to be only $60.36 per week.

The trial court implied that plaintiff's health rendered her an unfit and improper person to have custody of the children. All the medical testimony on this question was contrary to the court's finding. Three doctors submitted affidavits that they had seen the plaintiff professionally during the latter part of March, 1967, and expressed the opinion that plaintiff's health had improved to the extent that it would not in any way interfere with her care and custody of the children.

The trial court found "that the plaintiff has worked in the past and when relieved of the necessity of caring for said children will probably be able to support herself." If there was evidence to support this finding, it does not appear in the record.

From the record, it appears that the learned judge's discretion with respect to custody of the children and allowances to the wife was not exercised with respect to factual conditions which are controlling. *Garner v. Garner, supra; Butler v. Butler, supra;* and that his conclusion probably was based upon a mistaken view of the law. *Myers v. Myers, supra; Sayland v. Sayland, supra.* There is sufficient evidence to support the court's finding that reasonable compensation *pendente lite* had already been paid to plaintiff's counsel, and its order as to this is affirmed. For error in the court's order with respect to the remaining issues, the cause is remanded for further proceedings in accordance with this opinion. The question of entitlement to an allowance of fees to plaintiff's counsel for services rendered following the conclusion of the hearing below will be for determination by the judge presiding at the next hearing.

Error and remanded.

HUSKINS, J., took no part in the consideration or decision of this case.