JAMES F. HUDSON v. FLORA MAE OVERTON HUDSON

No. 6919SC158

(Filed 18 June 1969)

**1. Pleadings § 11— requisites of counterclaim**

 The counterclaim must be separately stated and numbered and must set forth the facts constituting such cause with the same precision as if the cause were alleged in the complaint.

**2. Pleadings § 10— nature of defendant's pleading — prayer for relief**

 The nature of defendant's pleading must be determined from the allegations rather than what is contained in the prayer for relief.

**3. Divorce and Alimony § 6; Trial § 29— absolute divorce — voluntary nonsuit — nature of defendant's pleading**

 In plaintiff husband's action for absolute divorce on ground of separation for the statutory period, plaintiff is entitled to take voluntary nonsuit at any time where the wife's pleading does not amount to a counterclaim for alimony without divorce but merely alleges wrongful conduct by plaintiff in defense to his allegation of a separation for the statutory period, and where defendant moved only for subsistence and counsel fees pending the trial.

**4. Divorce and Alimony § 18— allowances pendente lite — common law right**

 The right of defendant wife to an allowance for her subsistence pending trial and for counsel fees in a suit by her husband for absolute divorce was not derived from statute but was grounded in the common law.

APPEAL by defendant from *Exum, J.,* 4 November 1968 Session, RANDOLPH Superior Court.

Plaintiff instituted this action for an absolute divorce on grounds of separation for the statutory period. Defendant filed answer in which she admitted, in paragraphs 1 and 2, the residences of plaintiff and defendant. With respect to the allegations, in paragraph 3 of the complaint, that the parties were separated; and the allegations, in paragraph 4 of the complaint, that the parties had lived continuously separate and apart since their separation, defendant filed the following answer:

 "3. Answering the allegations of paragraph 3 of the complaint, it is admitted that the plaintiff and defendant were lawfully married on or about the 11th day of June, 1966, in Montgomery County, North Carolina, and lived together as husband and wife, until on or about the first day of August, 1967, but it is specifically denied that the defendant in any sense abandoned the plaintiff but that on the other hand the plaintiff produced

such intolerable conditions that the defendant was forced to leave the plaintiff for her good health and happiness.

"4. Answering the allegations of paragraph 4, it is specifically denied that there has been any legal separation whatsoever between the plaintiff and defendant, but on the other hand the plaintiff through his diabolical conduct of producing living conditions that were unbearable forced the defendant to leave the plaintiff. That the plaintiff would play golf at all times and would leave the residence of the plaintiff and defendant and would not tell the defendant where he was going and that finally the defendant was forced to leave the residence of the plaintiff and defendant for her mental health and physical health and that the plaintiff has willfully failed and refused to support the defendant since the first day of August, 1967, and that after he failed and refused to adequately support the defendant according to his means and income, he caused a notice to be run in the newspaper while he was still married to the defendant on June 11, 1968, in the Courier-Tribune in which it stated that he announced his engagement to Lynn Ellen Brady and that said insulting announcement constituted intolerable living conditions for the defendant which she could do nothing about even after she was forced to leave the plaintiff by his intolerable conduct and that the defendant attaches to this answer a photostatic copy of the notice that was run in the newspaper — The Courier-Tribune — which has a publication in the State of North Carolina of around 10,000 newspapers and incorporates said photostatic copy of the notice of the 'wedding plans' of the said James Franklin Hudson in this answer as if set out in full. That the defendant is without sufficient funds with which to defray the costs of this action and has only her small wages that she earns while working with which to live on and that she is entitled to alimony pendente lite and support pending the final determination of the issues involved in this matter as well as counsel fees from the plaintiff."

Thereafter defendant prayed that she be granted a jury trial; that plaintiff be denied an absolute divorce; that defendant be awarded alimony and counsel fees pendente lite; and that defendant be granted alimony without divorce, and counsel fees.

Plaintiff filed a motion to strike considerable portions of paragraph 4 of defendant's answer, but this motion was never passed upon. On 11 October 1968, defendant caused notice to be served upon plaintiff that on 21 October 1968 she would request the court to make

an award of alimony and counsel fees pendente lite. On 15 October 1968, without notice to defendant, plaintiff submitted to a voluntary nonsuit before the Clerk of Superior Court of Randolph County.

Defendant filed a motion before Judge Exum, presiding over the 4 November 1968 Session of Superior Court, to set aside the judgment of voluntary nonsuit entered by the clerk, upon the grounds that defendant is entitled to an award of attorney fees and alimony pendente lite and that defendant was not notified nor did she authorize the entry of judgment of voluntary nonsuit. Judge Exum denied the motion, and defendant appealed.

*Walker, Bell & Ogburn, by John N. Ogburn, Jr., for the plaintiff.*

*Ottway Burton for the defendant.*

BROCK, J.

**[1-3]** Defendant argues that she filed a counterclaim for alimony without divorce, and therefore plaintiff could not take a voluntary nonsuit to defeat her counterclaim. If defendant had filed a counterclaim, the principle of law argued by defendant would seem to apply. *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879; McIntosh, N.C. Practice 2d, § 1645. However, in our view defendant has not filed a counterclaim; she has only filed answer making affirmative allegations of wrongful conduct by plaintiff in defense of his allegation of a separation for the statutory period. The defendant is entitled to set forth in her answer such counterclaim as she may have, but the counterclaim must be separately stated and numbered, G.S. 1-138; McIntosh, N.C. Practice 2d; § 1247, and, "[i]t must set forth the facts constituting such cause with the same precision as if the cause were alleged in the complaint . . ." 6 Strong, N.C. Index 2d, Pleadings, § 11, p. 310. While it may be true that in her prayer for relief defendant prayed that she be granted alimony without divorce, nevertheless the nature of defendant's pleading must be determined from the allegations rather than what is contained in the prayer for relief. *Pegram v. Tomrich Corp.,* 4 N.C. App. 413, 166 S.E. 2d 849.

**[4]** Defendant further argues that because she moved for subsistence pending trial and for counsel fees, plaintiff could not take a voluntary nonsuit to defeat her right to such subsistence and expense money. Defendant cites G.S. 50-15 in support of this contention. The statute relied on by defendant was repealed by Session Laws 1967, effective 1 October 1967. But in any event the right of a defendant wife to an allowance for her subsistence pending trial and for counsel fees in a suit by her husband for absolute divorce

was not derived from the statute but was grounded on the common law. *Branon v. Branon,* 247 N.C. 77, 100 S.E. 2d 209.

Because defendant did not file a counterclaim, but only moved for subsistence and counsel fees pending the trial of her husband's action for absolute divorce, the husband was at liberty to take a voluntary nonsuit. This would hold true and would terminate subsistence had it already been awarded upon her motion. *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.