LOUISE E. LITTLE v. JOHN B. LITTLE, JR.

No. 7119DC568

(Filed 15 September 1971)

Divorce and Alimony § 18; Rules of Civil Procedure § 12; Venue § 7—
motion for temporary alimony — prior motion for change of venue as
matter of right.

The district court in which an action for alimony without divorce had been brought was without authority to hear and determine plaintiff's motion for temporary alimony and counsel fees pending disposition of defendant's motion made in apt time to remove the action as a matter of right to a county in another judicial district. G.S. 1A-1, Rule 12(b)(3); G.S. 1-82.

APPEAL by defendant from an order by *Walker, Chief Judge,* 18 June 1971 Session, District Court of CABARRUS County.

An action was begun in the Cabarrus District Court by the plaintiff Louise Little against her husband John Little, Jr., under Chapter 50 of the General Statutes for temporary and permanent alimony without divorce and for counsel fees. The complaint alleged that both plaintiff and defendant were residents of Stanly County, North Carolina. Details of other allegations made by plaintiff and of counter allegations by the defendant by affidavit are not necessary to the decision and are omitted from the opinion. On 1 April 1971, before the time for answering expired and before answering, defendant filed a motion pursuant to Rule 12(b)(3) of G.S. 1A-1 for transfer of venue to Stanly County as a matter of right under G.S. 1-82 and 1-83. On 2 April 1971, defendant filed an answer denying

the allegations of plaintiff's complaint relating to his misconduct. On 21 May 1971, plaintiff served notice on defendant that at the 9 June 1971 Session of District Court in Cabarrus County, she would move for an allowance of alimony *pendente lite* and for a hearing upon defendant's motion for change of venue. On 28 May 1971 defendant filed a motion for stay of proceedings, alleging the Cabarrus District Court was without authority to hear plaintiff's motion for temporary alimony and counsel fees pending disposition of defendant's motion for change of venue. At the 9 June 1971 Session of District Court in Cabarrus County, a hearing was held and defendant's motion for a stay of the proceedings was denied. The trial court heard evidence in the form of affidavits on plaintiff's motion for temporary alimony and entered an order granting plaintiff temporary alimony of $300 per month and $400 for counsel fees. The court at the same time entered an order removing the cause from the District Court of Cabarrus County to the District Court of Stanly County for trial.

The defendant excepted and appealed the order denying defendant's motion for stay of the proceedings and the order granting the plaintiff temporary alimony and counsel fees.

*Williams, Willeford and Boger, by John Hugh Williams, for plaintiff appellee.*

*Patterson and Doby, by Henry C. Doby, Jr., for defendant appellant.*

MORRIS, Judge.

The defendant assigns as error the court's hearing and determining plaintiff's motion for alimony *pendente lite* in Cabarrus County before considering and passing upon defendant's prior motion for change of venue to the Stanly County District Court as a matter of right.

At the outset, we note that we are here dealing with the priority of a motion for change of venue to a county outside the district over a motion for alimony *pendente lite* in the county in which suit was brought. Cabarrus County is in the nineteenth judicial district and Stanly County is in the twentieth judicial district. We do not have before us the question of the authority of a district judge or chief district judge to hear matters within the district. This opinion is, therefore, limited

Little v. Little

in its application to the specific question raised by this appeal—where it appears that the proper venue is a county outside the district where the action is brought, and proper motion for change of venue as a matter of right is made in apt time, is the court then restricted to entering an order solely as to venue and without authority to hear a motion for alimony *pendente lite* and counsel fees?

Plaintiff concedes that the general rule is that, in the absence of waiver or consent of the parties, express or implied, when a motion for change of venue as a matter of right has been properly made in apt time, the court is in error thereafter to enter any order affecting the rights of the parties, save the order of removal. *Casstevens v. Membership Corp.*, 254 N.C. 746, 120 S.E. 2d 94 (1961). The record is devoid of any action on the part of defendant which could be said to be a waiver or consent. On the contrary, defendant objected to the hearing of the motion for alimony *pendente lite* by way of special appearance and a written motion to stay proceedings pending a hearing on the venue motion. Defendant excepted to the order entered denying the motion to stay. Plaintiff does not contend that defendant either waived the right to have venue changed or consented to venue in Cabarrus County. She contends that the Cabarrus Court had authority to hear the motion for alimony *pendente lite* notwithstanding the motion for removal because of the statutory authority granted the court and additionally because alimony *pendente lite* is not a substantive right affecting trial.

A careful consideration of pertinent statutes leads us to the conclusion that plaintiff's argument with respect to statutory authority is without merit.

Alimony *pendente lite* may be ordered by the court to be paid pending final judgment of divorce in an action for alimony without divorce under the provisions of G.S. 50-16.1(2). Though venue in such cases is not specifically set out in sections 16.1 through 16.10 of Chapter 50, section 16.8(a) does provide: "The procedure in actions for alimony and actions for alimony *pendente lite* shall be as in other civil actions except as provided in this section." Subsection (g) provides: "When a district court having jurisdiction of the matter shall have been established, application for alimony *pendente lite* shall be made to such dis-

trict court, and may be heard without a jury by a judge of said court at any time." Plaintiff contends that the phrase "at any time" gives the court authority to hear the motion for alimony *pendente lite* notwithstanding the pending venue motion. We do not agree.

The plaintiff alleged in her complaint that both plaintiff and defendant were residents of Stanly County, North Carolina, at the time the action was commenced and that neither of them resided in Cabarrus County. Thus plaintiff's complaint did not comply with the provisions of G.S. 1-82 which requires that venue in civil actions not specifically provided for in G.S. 1-76 through G.S. 1-81 must be in the county where either plaintiff or defendant resides at the commencement of the suit.

With the establishment of the new unified judicial system in 1965, G.S. 7A-193 provided that civil procedure provided in Chapters 1 and 1A of the General Statutes applies to the district court division of the General Court of Justice unless otherwise provided in Chapter 7A. Alimony *pendente lite* and alimony without divorce are not "otherwise provided" for in Chapter 7A of the General Statutes. Thus we conclude that improper venue is subject to attack under G.S. 1A-1, Rule 12(b)(3). In the case at bar a motion asserting improper venue was made in writing and in apt time. " . . . [T]he question of removal then becomes a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon." *Capital Corp. v. Enterprises, Inc.*, 10 N.C. App. 519, 521, 179 S.E. 2d 190, 192 (1971); *Casstevens v. Membership Corp., supra.*

The plaintiff appellee argues that alimony *pendente lite* is not a matter of substantive right, but rather is ancillary and does not affect the ultimate rights of the parties. To the contrary, this Court has held that an order requiring payment of alimony *pendente lite* and counsel fees affects a substantial right from which an appeal lies as a matter of right. *Peeler v. Peeler*, 7 N.C. App. 456, 172 S.E. 2d 915 (1970). The right of a wife to subsistence pending trial and to attorney fees was derived from the common law. *Hudson v. Hudson*, 5 N.C. App. 185, 167 S.E. 2d 836 (1969). "The remedy of subsistence and counsel fees *pendente lite* is intended to enable the wife to maintain herself according to her station in life and employ counsel to meet her husband at trial upon substantially equal terms. (Cita-

tions omitted.)" *Brady v. Brady,* 273 N.C. 299, 304, 160 S.E. 2d 13, 16-17 (1968). The Court in *Brady* goes on to say that the amount of subsistence and counsel fees *pendente lite* allowed is within the discretion of the court, but that this discretion is limited by the factual conditions. "Generally speaking (and excluding statutory grounds for denial), allowance of support to an indigent wife while prosecuting a meritorious suit against her husband under G.S. 50-16, for alimony without divorce . . . is so strongly entrenched in practice as to be considered an established legal right. . . . " *Brady v. Brady, supra,* quoting from *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745 (1946).

When defendant appellant in apt time made a proper motion for change of venue under G.S. 1A-1, Rule 12(b)(3), it became a matter of right and the District Court of Cabarrus County was without authority to proceed further in the cause until the motion to remove had been determined. Since the court lacked authority to make any ruling on the merits while the motion to change venue was pending, it was error to enter an order granting alimony *pendente lite* and counsel fees. It is unnecessary, therefore, to consider the defendant's other exceptions as to the sufficiency of the evidence to support an order of the court awarding alimony *pendente lite* and counsel fees.

Reversed.

Judges BRITT and PARKER concur.