JOLEEN BLACKWELDER FAGGART v. ROBERT RAY FAGGART

No. 7219DC309

(Filed 28 June 1972)

Divorce and Alimony § 23— child support — findings — actual earnings — capacity to earn

> Trial court's order directing defendant to pay $50 a week to support his two children was supported by its findings that defendant's adjusted gross income for 1970 from his beauty salon was $4,260, that $100 a week was deducted from the business and distributed to defendant and his present wife, and that he owns his home and two automobiles, and the court's further finding that "defendant is an able-bodied man and is able to be gainfully employed in another occupation to supplement his income from the beauty salon and his activities in the field of gambling" did not show that the trial court was basing the amount of child support on defendant's capacity to earn rather than his actual earnings.

APPEAL by defendant from Walker, District Judge, 18 January 1972 Session of District Court held in CABARRUS County.

This is a civil action for absolute divorce heard on plaintiff's motion to modify the prior order of the Court providing for the support of two minor children. After a hearing, Judge Walker made findings and conclusions which, except where quoted, are summarized as follows:

On 15 November 1962 an order was entered directing the defendant to pay for the support of Robbie Jo Faggart born 24 April 1955 and Robert Ray Faggart, Jr., born 11 September 1958, the sum of $20 each week. The needs of the children have changed since the entry of the original order and the cost of living has vastly increased.

"(T)he defendant of this action is now gainfully employed as the owner and operator of Judy's Style-A-Rama, a beauty

salon in Kannapolis, North Carolina; that the defendant's adjusted gross income for the year 1970 from the said business was Four Thousand Two Hundred Sixty Dollars and some odd cents ($4,260.00); that the evidence of the defendant showed that One Hundred Dollars ($100.00) a week was deducted from the income of the business and distributed to the defendant of this action and his present wife.

. . . the defendant of this action is the owner of a five (5) room framed dwelling; that he has recently traded a 1968 Cadillac for one (1) 1970 Cadillac and owes approximately Two Thousand and Two Hundred Dollars ($2,200.00) on the said automobile; that in addition thereto of the 1970 Cadillac the defendant and his present wife are the owners of one (1) 1968 Mustang; that the Court further found that the defendant owns many of the more expensive things in life such as jewelry, diamond rings for himself, and a color T.V.

. . . the defendant is an able bodied man and is able to be gainfully employed in another occupation to supplement his income from the beauty salon and his activities in the field of gambling."

From an order directing the defendant to pay $50 each week for the support of his two minor children, the defendant appealed.

*Cecil R. Jenkins, Jr., for plaintiff appellee.*

*Davis, Koontz & Horton by Clarence E. Horton, Jr., for defendant appellant.*

HEDRICK, Judge.

The defendant contends "the Court erred in awarding child support based on defendant's capacity to earn rather than his actual earnings, there being no evidence and no findings of fact to the effect that defendant was acting dishonestly or in bad faith, nor any evidence tending to show that he was engaged in a business to which he was not properly adapted, nor was there any evidence tending to show that he was not making a good-faith effort to earn a reasonable income, and such award amounted to an abuse of discretion." The defendant's contention has no merit simply because the findings and

conclusions made by Judge Walker reveal that he was not basing his order on the defendant's "capacity to earn." Judge Walker was faced with the problem of equitably dividing defendant's earnings so as to do the most good and the least harm to all parties concerned. As was said in *Reavis v. Reavis*, 271 N.C. 707, 157 S.E. 2d 374 (1967):

> "In these days of high taxes, inflation, and the extremely expensive cost of living, it is almost impossible for the average wage earner to support himself and his family. It can be done only by the most frugal and careful budgeting of the income."

The findings that the defendant for the year 1970 had an adjusted gross income from his beauty salon of $4,260.00, that $100.00 a week was deducted from the business and distributed to the defendant and his present wife, and that he owns his home and two automobiles, are sufficient to support the order directing him to pay $50 a week to support his two teenaged children. The finding "that the defendant is an able-bodied man and is able to be gainfully employed in another occupation to supplement his income from the beauty salon and his activities in the field of gambling" does not vitiate the other findings or show that the Judge abused his discretion. The order appealed from is

Affirmed.

Judges BRITT and PARKER concur.