CITICORP PERSON-TO-PERSON FINANCIAL CENTER, INC. v. STALL-
INGS 601 SALES, INC. AND BORG-WARNER ACCEPTANCE CORPORA-
TION v. STALLINGS 601 SALES, INC.

No. 8019SC301
No. 8019SC302

(Filed 7 October 1980)

1. **Venue § 9– motion for change of venue pending – ruling on other motion proper**

    The trial court was not required to rule on defendant's motion for change
    of venue prior to granting plaintiffs' motions for possession of collateral,
    since an ancillary order of attachment had already been entered and grant-
    ing possession of the collateral to plaintiffs did not affect defendant's ulti-
    mate rights, and since the motion for change of venue involved a change
    within the district.

2. **Appeal and Error § 6.2– appeal from interlocutory order dismissed**

    The trial court's order giving to plaintiffs immediate possession of col-
    lateral as described in certain orders of attachment previously issued was an
    interlocutory order which did not affect a substantial right of defendant, and
    defendant's appeal is therefore dismissed.


APPEAL by defendant from *Albright, Judge.* Orders entered
21 January 1980 in Superior Court, ROWAN County. Heard in the
Court of Appeals 18 September 1980.

Plaintiffs instituted these actions in accord with Rule 3 of
the North Carolina Rules of Civil Procedure. Orders extending
time to file complaints were entered, and, in addition, orders of
attachment of certain personal property were entered pur-
suant to plaintiffs' application. Thereafter plaintiffs filed their
complaints alleging that defendant had executed a "Rec-
reational Vehicle Dealer Agreement without Recourse" along
with security agreements in which plaintiffs agreed to finance
defendant's inventory, and that defendant breached the agree-
ment and refused to surrender possession of the secured prop-
erty. Plaintiffs sued for money damages and immediate posses-
sion of the collateral, the personal property attached by the
Sheriff of Cabarrus County. Simultaneously with their com-
plaints plaintiffs filed motions pursuant to N.C.R.C.P. 64 and
the U.C.C. seeking immediate possession of the collateral.
Three days later defendant filed a motion for change of venue
and a motion for stay of proceedings pending determination of
the motion for change of venue.

On 21 January the trial court entered orders giving each plaintiff immediate possession of the collateral, and on 24 January the court allowed defendant's motion to change venue from Cabarrus to Rowan County.

Defendant appeals from the orders granting plaintiffs immediate possession of the collateral.

*Wesley B. Grant, by Randell F. Hastings, for defendant appellant.*

*Larry E. Harris for plaintiff Borg-Warner Acceptance Corporation.*

*Woodson, Hudson, Busby & Sayers, by Benjamin H. Bridges, III, for plaintiff Citicorp Person-To-Person Financial Center, Inc.*

ARNOLD, Judge.

Although these two cases were considered separately by the trial court they are consolidated for our appraisal on appeal.

[1] First, we reject defendant's argument that the judge was required first to rule on its motion for change of venue (under Rule 12(b) (3)) and that by allowing that motion the court was then without authority to grant plaintiffs' motions for immediate possession of the collateral. Relying on *Little v. Little,* 12 N.C. App. 353, 183 S.E. 2d 278 (1971), defendant asserts that once a motion for change of venue is aptly made the court cannot thereafter enter any order affecting the rights of the parties until the venue motion is determined.

The record reveals that the trial judge granted plaintiffs' motions for possession on 21 January, prior to allowing defendant's motion for change of venue. Allowing plaintiffs' motions in no way affected any substantive rights of defendant. An ancillary order of attachment already had been entered, and granting possession of this collateral to plaintiffs does not affect defendant's ultimate rights. Moreover, we note that Cabarrus County and Rowan County are in the same judicial district. The motion for change of venue involved a change within the district, unlike the *Little* case, and we call attention to the limited holding as stated in *Little v. Little, supra,* at pp. 354, 355.

**[2]** Finally, there is no appeal from an interlocutory ruling of a trial court unless such ruling deprives the appellant of a substantial right which he would otherwise lose unless the ruling is reviewed on appeal prior to final judgment. G.S. 7A-27 and G.S. 1-277; *Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975).

The trial court found that the plaintiffs were entitled, pursuant to the Uniform Commercial Code as enacted in this State, to immediate possession of the collateral as described in the certain orders of attachment previously issued. This Court will not hear appeals from interlocutory orders which do not affect a substantial right. *Wachovia Bank & Trust Co. v. Smith*, 24 N.C. App. 133, 210 S.E. 2d 212 (1974), *cert. denied* 286 N.C. 420, 211 S.E. 2d 801 (1975). The interlocutory order giving immediate possession of the collateral to plaintiffs has affected no substantial right of defendant. The appeal is therefore

Dismissed.

Judges ERWIN and WELLS concur.