A. R. HIGH v. W. T. BAILEY, Administrator.

*Abandonment—Judge's Charge—Evidence—Administration— Verdict of the Jury—When the Court will Disturb.*

1. In an action involving the issue of abandonment of the wife by the husband, a witness testified, without objection, that the wife left the husband because he would not give her anything to eat. The Court charged, if he made her leave, or so failed to provide for her support that she was compelled to leave, in order to provide for herself and family, it would amount to abandonment, and the jury should so find: *Held*, there was no error.

2. This Court will only disturb the finding when there is no testimony to sustain it.

This was a CIVIL ACTION, tried upon issues raised before the Clerk, at the Fall Term, 1889, of WILSON Superior Court, before *MacRae, J.*

The purpose of the action is to recover a fund to the use of the plaintiff, the husband of the defendant administrator's intestate, being a balance of proceeds of personal property left in his hands, after settling the estate.

The defendant, administrator and guardian for the children of the intestate by a former husband, resisted the action, on the ground, among others, that the plaintiff had abandoned his wife sometime before her death. The defendant claimed the fund for the children. There was testimony tending to sustain the contention of the defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Mr. C. C. Daniels* (by brief), for plaintiff.
*Mr. F. A. Woodard*, for defendant.

SHEPHERD, J.: The single issue submitted to the jury was, "Did the petitioner abandon his wife, the intestate, as alleged?" And the only question presented for our consideration is, whether there was any evidence to sustain the affirmative finding of the jury.

It is true, as is contended by the counsel for the plaintiff, that if the wife left her husband voluntarily, there could be no abandonment by him, but if, in the language of his Honor, "he made her leave, or so failed to provide for her support that she was compelled to leave, in order to provide for herself and family," this would, in our opinion, be an abandonment by him. *Levering* v. *Levering*, 16 Md., 219.

One of the witnesses testified, without objection, that he visited the family very often, and that, from what he saw there, the wife left the husband "because he would not give her anything to eat." Surely this was testimony to warrant the charge of the Court.

There was other testimony tending to sustain the statement of the witness, and, the jury having passed upon it, we have no authority to disturb their verdict. It is only where there is no testimony that this Court interferes.

No error.