### LUBERTHA BLANCHARD v. JOHN BLANCHARD.

(Filed 27 February, 1946.)

**Divorce § 14—Evidence held insufficient to show abandonment as predicate for alimony without divorce.**

Plaintiff's evidence tended to show that defendant struck plaintiff on two occasions, that he drank, went with another woman, forbade plaintiff to go out at night and told her she would find out what he was going to do with a pistol in his possession "if I catch you in the road at night,"

that thereafter plaintiff discovered the pistol in his overcoat pocket and left defendant. Plaintiff testified that she left the domicile because she was scared, because defendant was going with another woman and to "go away for awhile and get some rest," and that when she returned some eight months thereafter, defendant forbade her to stay. *Held:* The evidence is insufficient to show abandonment on the part of the husband, and in an action for alimony without divorce, G. S., 50-16, predicated solely on the grounds of abandonment and maliciously turning her out of doors, G. S., 50-7, (1), (2), defendant's motion for judgment as of nonsuit should have been allowed.

APPEAL by defendant from *Nimocks, J.,* at October Term, 1945, of PERQUIMANS.

This is a civil action for alimony without divorce, as provided in G. S., 50-16. The plaintiff alleges abandonment and that defendant maliciously turned her out of doors.

The plaintiff and defendant were married in 1917, and have four children. The defendant is a farmer and owns two small tracts of land. The plaintiff left the home of the defendant on 22 February, 1943, and went to the home of her brother in New Jersey, where she lived for eight months without communicating with her husband. All the children were living at the home when she left. The youngest child was 12 years of age.

On the question of abandonment, the plaintiff testified substantially as follows: The defendant had struck her on two occasions, one about a year before she left and the other a month or so before she left. Since 1940 she had clothed herself by washing clothes for her brother. The defendant drank intoxicating beverages about every week. He had been associating with Murrell Welch for several years and after he started going with her he forbade the plaintiff to go out at night. And sometime in December, 1942, he brought a pistol to the home and upon her inquiry as to what he was going to do with it, he replied, "If I catch you in the road at night, you are going to find out what I will do with it." The pistol was placed in a drawer in the home and nothing more was said about it. The plaintiff and defendant continued to live together as man and wife. On the morning of 22 February, 1943, the plaintiff discovered the pistol in her husband's overcoat pocket. He was away from home at the time and she left before he returned.

On direct examination in the trial below, the plaintiff was asked the following question: "State whether you left there for any reason other than that you were afraid of him and afraid he might do you harm?" To which she replied: "I was scared he might do me harm, and I got tired of seeing him ride with this girl so much, I thought I would go away for awhile and get some rest. I came back in October, 1943.

When I came back John told·me I should not stay there and I didn't stay. He told his son to get somewhere for me to stay because I couldn't stay there. I didn't have any other home then, my son found a place for me to stay."

Defendant moved for judgment as of nonsuit at the close of plaintiff's evidence and renewed the motion at the close of all the evidence. Motion denied. Verdict for the plaintiff and judgment accordingly. Defendant appeals, assigning error.

*J. H. LeRoy for plaintiff.*
*Robert B. Lowry and John H. Hall for defendant.*

DENNY, J. It is unnecessary for a husband to depart from his home and leave his wife in order. to abandon her. By cruel treatment or failure to provide for her support, he may compel her to leave him. This, under our decisions, would constitute abandonment by the husband. *Crews v. Crews,* 175 N. C., 168, 95 S. E., 149; *Dowdy v. Dowdy,* 154 N. C., 558, 70 S. E., 917; *High v. Bailey,* 107 N. C., 70, 12 S. E., 45. The plaintiff, however, in order to obtain affirmative relief under the provisions of G. S., 50-16, must meet the requirements of the statute for divorce from bed and board. G. S., 50-7; *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1; *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9.

The appellant insists that the evidence adduced in the trial below is insufficient to show abandonment and that his motion for judgment as of nonsuit should have been allowed. We think the position well taken and must be sustained.

We are not inadvertent to those cases where relief has been granted as a result of a long course of conduct constituting such indignities to the person of the other as to render his or her condition intolerable and life burdensome; but the plaintiff is relying solely upon subsections 1 and 2 of G. S., 50-7, to wit, that the defendant abandoned her and maliciously turned her out of doors. And she sums up her reasons for leaving the defendant on 22 February, 1943, in the following language: "I was scared he might do me harm, and I got tired of seeing him ride with this girl so much, I thought I would go away for awhile and get some rest." We do not think the evidence, when considered as a whole and in its most favorable light for the plaintiff, is sufficient to show abandonment by the defendant. It follows, therefore, as pointed out in *Medlin v. Medlin,* 175 N. C., 529, 95 S. E., 857, the plaintiff is not entitled to alimony.

The motion for judgment as of nonsuit should have been sustained.
Reversed.