MADGE G. BURRELL v. RAYMOND LUTHER BURRELL.

(Filed 2 November, 1955.)

1. **Appeal and Error § 40d: Venue § 1a—Evidence held insufficient to support finding that plaintiff was a resident of the county in which the action was instituted.**

Where the evidence is to the effect that plaintiff instituted an action in another state and filed a verified complaint therein alleging that she was a resident of such other state, that being unable to obtain service on defendant, she came to North Carolina for the purpose of instituting action, and instituted action in the county of her father's residence, together with averment to the effect that she planned to spend all of her nights at her father's home and commute to her employment in the adjoining state as soon as she had completed a course of study in such other state, *is held* insufficient to support a finding that at the time of the institution of the action plaintiff was a resident of the county wherein the action was instituted, and defendant's motion to remove to the county of his residence should have been allowed.

2. **Domicile § 2—**

Intent alone is insufficient to establish a legal residence or domicile by choice, it being required that there be both residence and *animus manendi*.

3. **Venue § 1a—**

The residence of the parties at the time of the institution of the action is controlling and is not affected by subsequent change of residence. G.S. 1-82.

BURRELL v. BURRELL.

APPEAL by the defendant from *Nettles, J.,* in Chambers at Asheville, North Carolina, 11 June, 1955. From MADISON.

This action was instituted in Madison County, North Carolina, on 30 April, 1955, pursuant to the provisions of G.S. 50-16, for alimony without divorce and for the custody of the three minor children born to the plaintiff and defendant while they were living together as man and wife, and for the support of said children.

The record discloses these undisputed facts: The plaintiff and defendant were lawfully married to each other on 6 April, 1940, and three children were born of the marriage, to wit: Loretta Gaye, age 14, R. L. Jr., age 11, and Marianne, age 9; that Loretta Gaye is now in the custody and control of the plaintiff and the other children are in the custody and control of the defendant. The plaintiff and the defendant lived together as man and wife in Canton, North Carolina, until 7 May, 1954, when the plaintiff went to the home of her parents in Madison County, North Carolina. That thereafter she entered a "beauty school" in Johnson City, Tennessee, and in order to support herself she obtained part-time employment in Greeneville, Tennessee, and commuted back and forth from Greeneville to Johnson City. That plaintiff kept her 14-year-old daughter in school in Greeneville, Tennessee, during the school year 1954-1955, which school did not close until the latter part of May, 1955; that she and her daughter spent most of their week-ends at the home of the parents of the plaintiff in Madison County, North Carolina, which was only 17 miles from Greeneville.

On 16 April, 1955, the plaintiff instituted an action for absolute divorce from the defendant in Greene County, Tennessee. In the complaint filed in that action she alleged that after being forced to leave the home of her husband in Canton, North Carolina, in May, 1954, she came "to Greeneville, Tennessee to stay with relatives here and to establish her home and since that time she has been working in the Bon Ton Beauty Salon and going to school in Johnson City, Tennessee to study to be a beauty operator." She verified her complaint under oath and stated therein that she was a citizen and resident of Greene County, Tennessee.

Being unable to obtain service on the defendant in Tennessee, upon advice of her counsel, she went to Haywood County, North Carolina, for the purpose of instituting this action in said county. After consulting counsel in Haywood County, it was decided to institute the action in Madison County.

The defendant, before time for answering expired, moved for a change of venue to Haywood County, North Carolina, on the ground that the plaintiff was a citizen and resident of Greeneville, Tennessee, and the defendant was a citizen and resident of Haywood County, North Carolina.

The motion was heard before the Clerk of the Superior Court of Madison County on 27 May, 1955, who found as a fact that the plaintiff was a resident of Madison County at the time of the institution of the action. An appeal was taken to the judge of the Superior Court. The matter was heard by Nettles, J., the Resident and Presiding Judge of the Nineteenth Judicial District of North Carolina, by agreement, at Chambers in Asheville, North Carolina, on 11 day of June, 1955. His Honor heard the matter upon affidavits offered in behalf of the respective parties, together with certain exhibits offered in evidence by the defendant. The trial judge found as a fact that the plaintiff in the latter part of April, 1955, and prior to the institution of this action, as a result of visits made by the defendant to Greeneville, Tennessee, where on such visits he harassed and annoyed the plaintiff, she made arrangements to spend all of her nights at her father's home in Madison County and to commute daily from that point to her employment in Greeneville, Tennessee. He further found as a fact that the plaintiff did not at any time have the intention of making her permanent home in the State of Tennessee, or at any place other than the home of her father in Madison County, North Carolina, and affirmed the ruling of the Clerk of the Superior Court of Madison County.

From such ruling the defendant appeals, assigning error.

*No counsel for appellee.*
*Ward & Bennett for defendant, appellant.*

DENNY, J. The only question for determination on this appeal is whether the finding of the court below, that plaintiff was a citizen and resident of Madison County, North Carolina, at the time she instituted this action, is supported by competent evidence.

There is nothing in the evidence adduced in the trial below to support the finding that this plaintiff, on account of the visits of the defendant to Tennessee and his conduct toward her in that State, made arrangements to spend all of her nights at her father's home in Madison County and to commute daily from that point to her employment in Greeneville, Tennessee. On the contrary, the evidence is to the effect that by reason of his visits to see her in Tennessee, she instituted an action in Tennessee for absolute divorce on 16 April, 1955, in which action she filed a duly verified complaint under oath in which she swore that she was a citizen and resident of Greene County, Tennessee. However, according to the plaintiff's affidavit filed in her behalf in the hearing below, being unable to obtain service on the defendant in Tennessee, upon advice of her counsel, she came to North Carolina for the purpose of instituting this action in Haywood County, North Carolina, the

county in which her husband resided. Neither does the evidence support the finding that she did not at any time intend to make her permanent home in the State of Tennessee, or in any place other than the home of her father in Madison County, North Carolina. The evidence is to the effect that she went to Greeneville, Tennessee, with the intent to establish a home for at least an indefinite period of time and that she did so.

In her affidavit, referred to above, she states that while she was employed in Greeneville, Tennessee, and commuted back and forth from Greeneville to Johnson City, "she maintained her home with her father in Madison County, North Carolina, and returned to her said home during the week-ends." Even so, she then proceeded to negative any contention that she had been at all times a citizen and resident of North Carolina. She says, ". . . this affiant in the latter part of April, 1955, made plans to start spending all of her nights in her father's home in Madison County, North Carolina, *as soon as she had completed her course* and to commute daily from her father's home to her employment in Greeneville, Tennessee, and *in this manner to have her residence in the State of North Carolina;* that after *making this decision to establish and maintain her residence at the home of her father in Madison County, North Carolina,* and after having taken steps to put this decision into effect, this affiant went to Haywood County, North Carolina and conferred with counsel . . . relative to bringing a legal action against the defendant in Haywood County, North Carolina; that . . . (counsel) advised this affiant to go to . . . an attorney at Marshall, and get him to bring her action in Madison County . . ." (Emphasis added.)

A careful consideration of all the evidence disclosed on this record leads us to the conclusion that it will support, at most, nothing more than an intention on the part of the plaintiff to establish her residence in Madison County, North Carolina, *after she completed her training in Tennessee,* and there is no evidence tending to show that such training had been completed at the time this action was instituted. Moreover, intent alone is not sufficient to establish a legal residence or domicile by choice. *Horne v. Horne,* 31 N.C. 99; *Reynolds v. Lloyd Cotton Mills,* 177 N.C. 412, 99 S.E. 240, 5 A.L.R. 284; *Roanoke Rapids v. Patterson,* 184 N.C. 135, 113 S.E. 603. There must be both residence and *animus manendi. Bryant v. Bryant,* 228 N.C. 287, 45 S.E. 2d 572.

Furthermore, there is no evidence which tends to show that when the plaintiff instituted this action on 30 April, 1955, she had taken any of the steps outlined in her affidavit by which she proposed or intended to establish her residence in North Carolina. At the time of the hearing below, she may have moved to her father's home and consummated her

intent to establish her residence in Madison County, but the statute, G.S. 1-82, requires that such an action as this must be tried in the county in which the plaintiff or the defendant resided at its commencement.

The motion for change of venue should have been allowed.

The ruling of the court below is

Reversed.