DOROTHY C. McDOWELL v. JOHN M. McDOWELL.

(Filed 14 December, 1955.)

**1. Divorce and Alimony § 5d—**

The complaint in this action for alimony without divorce *held* verified according to the requirements of G.S. 50-16.

**2. Divorce and Alimony § 5b—**

Allegations to the effect that plaintiff was compelled to leave her husband by reason of his willful failure and refusal to provide her with reasonable support and necessary medical attention and that such willful failure was without fault or provocation on her part, are sufficient to state a cause of action for divorce on the ground of abandonment.

**3. Divorce and Alimony § 5d—**

Where, in an action for alimony without divorce, the complaint states a cause of action for divorce on the ground of abandonment, demurrer is properly overruled, notwithstanding the failure of the complaint to allege specific acts and conduct of the defendant necessary to support a cause of action for divorce on the ground that defendant offered such indignities to plaintiff's person as to render her condition intolerable and life burdensome. G.S. 50-16.

Appeal by defendant from *Crissman, J.,* July Term 1955 of Randolph.

McDOWELL *v.* McDOWELL.

Action for alimony without divorce, pursuant to G.S. 50-16, heard upon a motion for subsistence *pendente lite* and counsel fees, and upon a demurrer to the complaint on the grounds that the complaint was not verified, that the complaint does not set forth with particularity the indignities that the plaintiff alleges rendered her condition intolerable and life burdensome, and that the complaint does not allege defendant's failure to provide plaintiff with necessary subsistence according to his means and conditions in life.

After a hearing the court overruled the demurrer, and entered an order that the defendant pay the plaintiff $50.00 a week for subsistence *pendente lite,* and pay her counsel a fee of $150.00.

Defendant appeals, assigning error.

*No counsel for plaintiff, appellee.*
*Ottway Burton for defendant, appellant.*

PER CURIAM.  The complaint is verified according to the requirements of G.S. 50-16.  *Cunningham v. Cunningham,* 234 N.C. 1, 65 S.E. 2d 375.

"If any husband . . . be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board," the wife may institute an action for alimony without divorce. G.S. 50-16; *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909.  "If either party abandons his or her family" it is a ground for divorce from bed and board.  G.S. 50-7, sub-sec. 1; *Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796.

The complaint alleges the existence of a valid marriage between the parties, a compelling of the wife to leave the husband by reason of his wilful failure and refusal to provide her with any support, except $1,147.50 for the past 34 months, that from this sum she has expended $1,001.00 for medical expenses, that she has incurred other medical expenses, which he refuses to pay, that she has been a faithful and dutiful wife, is in extremely poor health, requires money for further hospital and medical expense, and that his wilful failure to provide for her adequate support has been without provocation on her part.  These allegations are sufficient to state a cause of action for alimony without divorce upon the ground of abandonment, and the demurrer was properly overruled.  G.S. 50-16; *Blanchard v. Blanchard,* 226 N.C. 152, 36 S.E. 2d 919; *Dowdy v. Dowdy,* 154 N.C. 556, 70 S.E. 917; *High v. Bailey,* 107 N.C. 70, 12 S.E. 45.

The complaint attempts to allege as another ground for divorce from bed and board that the defendant offered such indignities to the person of his wife as to render her condition intolerable and life burdensome.

Such allegations are fatally defective for failure to allege sufficient specific acts and conduct to meet the requirements of our decisions. *Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420; *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214; *Howell v. Howell,* 223 N.C. 62, 25 S.E. 2d 169.

The plaintiff was permitted by the court below to file an amendment to her complaint, but she failed to do so.

The other assignments of error have been examined, and are without merit. The order by the court below is

Affirmed.