JOYCE SOMERSET v. BILLY GENE SOMERSET
No. 6826SC377

(Filed 15 January 1969)

**1. Appeal and Error § 45— abandonment of assignments of error**
    Assignments of error in support of which no argument is advanced and no authority is cited are deemed abandoned.

**2. Divorce and Alimony § 8— abandonment — adequate provocation**
    In an action for divorce from bed and board under G.S. 50-7, the court's instructions upon adequate provocation, when read in context, *are held* to adequately explain the law applicable to the case.

**3. Divorce and Alimony § 8— constructive abandonment**
    The doctrine of "constructive abandonment" has long been recognized in this State.

**4. Divorce and Alimony § 8— constructive abandonment**
    If a husband, by continued and persistent cruelty or neglect, forces his wife to leave his home, he may himself be guilty of abandonment.

**5. Divorce and Alimony § 8— constructive abandonment — court order that defendant move out of the home**
    In this action by the wife for divorce from bed and board under G.S.

50-7(1) and (4), plaintiff's evidence tending to show that defendant's continued cruelty caused her to invoke the aid of the Domestic Relations Court, and that after finding the facts against defendant the judge of Domestic Relations Court ordered defendant to move out of and stay away from the home, *is held* sufficient to be submitted to the jury on the issue of defendant's constructive abandonment of plaintiff, it being for the jury to determine whether defendant's conduct justified plaintiff in seeking the aid of the courts and constituted constructive abandonment of plaintiff.

APPEAL by defendant from *Martin, Robert M., J.,* 11 March 1968 Schedule D Session, MECKLENBURG Superior Court.

This is an action for alimony, custody and support. Summons was issued and complaint was filed 17 February 1967, therefore the 1967 amendments to G.S. Chap. 50, which were specified to become effective 1 October 1967 do not apply to this case. Session Laws 1967, c. 1152, s. 9. The *pendente lite* proceedings are properly omitted from the Record on Appeal because they have no bearing upon the assignments of error relating to the trial on the merits before a jury.

The wife's complaint contains allegations in support of two grounds for divorce from bed and board under G.S. 50-7; (1) that defendant offered such indignities to her person as to render her condition intolerable and life burdensome, and (2) that the defendant abandoned his family. G.S. 50-7(4) and (1). The defendant by his answer denies all material allegations of the complaint, and pleads a recrimination to each ground alleged.

The jury answered the issues in favor of the plaintiff, and Judge Martin entered a judgment requiring the defendant to pay alimony to plaintiff, awarding custody of the one minor child to plaintiff, and requiring defendant to make support payments for the child. Defendant appealed.

*A. A. Bailey, by Nelson M. Casstevens, Jr., for plaintiff appellee.*
*James J. Caldwell for defendant appellant.*

BROCK, J.

It would add nothing to the understanding of the questions raised by this appeal to recount here the charges and counter-charges hurled by the parties in their pleadings and their evidence. The jury adopted the plaintiff's view and rejected the defendant's.

[1, 2] Defendant's first argument is that the trial judge failed to properly instruct upon adequate provocation. Under this argument

in defendant's brief he lists assignments of error Nos. 5, 6, 7, 8, 9, 10, 11, 15 and 16. Some of these seem to relate to other matters, and are deemed abandoned because no argument is advanced and no authority is cited in support thereof. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Defendant's exceptions and assignments of error to the charge are in the nature of broadside exceptions which are not permissible. However, we have carefully reviewed the charge and hold that when read in context it adequately explains the law applicable to the case.

[1] Defendant's second argument is that the trial judge erred in refusing to nonsuit the cause of action based upon abandonment; and in failing to charge adequately upon defendant's contention that the separation was involuntary. Under this argument defendant lists assignments of error Nos. 2, 5, 6, 8, 10, 11, 15 and 16. Again some of these seem to relate to other matters, and are deemed abandoned for failure to advance any argument or citation of authority in support thereof. Rule 28, *supra.*

[5] Defendant's argument for nonsuit of the cause of action based on abandonment stems from an order of the Domestic Relations Court of Mecklenburg County. On 7 December 1966 defendant was tried in the Domestic Relations Court upon a warrant issued at the instance of the plaintiff. As a result of this trial the judge of the Domestic Relations Court ordered defendant to move out of his and plaintiff's home; and pursuant to this order defendant was compelled to move out of his home. He argues therefore that he did not abandon plaintiff because he had no choice but to move.

[3, 4] The doctrine of "constructive abandonment" has long been recognized in North Carolina. In *Blanchard v. Blanchard,* 226 N.C. 152, 36 S.E. 2d 919, the court said: "It is unnecessary for a husband to depart from his home and leave his wife in order to abandon her. By cruel treatment or failure to provide for her support, he may compel her to leave him. This, under our decisions, would constitute abandonment by the husband." Also, if a husband, by continued and persistent cruelty or neglect, forces his wife to leave his home, he may himself be guilty of abandonment. 1 Lee, N. C. Family Law, § 80, p. 302.

[5] In the case *sub judice* the plaintiff's evidence, when considered in the light most favorable to her, tends to show that the defendant's continued cruelty caused her to invoke the aid of the Domestic Relations Court, and after finding the facts against the defendant the judge concluded it was necessary to order the defendant to stay away from the home.

If plaintiff's evidence had shown that defendant's conduct was such that *plaintiff* had to leave the home to seek safety, there would be no question but that plaintiff had made out a case for the jury. We perceive no reason why plaintiff's seeking the aid of the Domestic Relations Court should detract from her cause of action. It was for the jury to determine whether defendant's conduct prior to the order of the Domestic Relations Court would justify plaintiff in seeking the aid of the Courts and thereby constitute a constructive abandonment by him. Defendant cannot hide behind the order which his own improper conduct brought about.

Judge Martin submitted the case to the jury under instructions upon the law applicable to constructive abandonment, and explained the defendant's contention that his moving from the home was involuntary. The cases of *Weld v. Weld*, 27 Minn. 330, 7 N.W. 267, and *Keely v. Keely*, 216 N.Y.S. 2d 301, cited by the defendant are not controlling.

We have considered defendant's remaining assignments of error and find them to be without merit. The defendant has had a fair trial, free from prejudicial error. The jury had an opportunity to consider all of his contentions, and they have answered the issues against him.

No error.

BRITT and PARKER, JJ., concur.