IN THE MATTER OF THE CUSTODY OF LARRY THOMAS WIL-LIAMS, A MINOR, THOMAS A. WILLIAMS AND PEARL WILLIAMS v. W. E. BREWER AND FANNIE BREWER

No. 7015DC283

(Filed 15 July 1970)

Divorce and Alimony § 24; Infants § 9— modification of child custody order — failure to hear evidence and find facts

The trial court erred in modifying previous orders relating to the custody of a child without hearing evidence and finding facts so that the appellate court can determine if the modified order is adequately supported by competent evidence and is for the best interest of the child.

APPEAL by respondents from *McLelland, District Judge,* 22 December 1969 Session, ORANGE District Court.

This proceeding was instituted in September 1967 in superior court and involves the custody of Larry Thomas Williams (Larry). Petitioners (Mr. and Mrs. Williams) are the parents of Larry who was born on 1 March 1960, the fifth child of Mrs. Williams and the second child of Mr. Williams. As of 10 March 1968 Mr. and Mrs. Williams had two children younger than Larry. Respondents (Mr. and Mrs. Brewer) are no kin to Mr. or Mrs. Williams but have been their next-door neighbors for many years. On 10 July 1962 Mrs. Williams gave birth to her seventh child at which time Larry began staying with Mr. and Mrs. Brewer and has lived with and been supported by the Brewers since that time.

Following the institution of this proceeding and a hearing, Carr, J., on 10 March 1968, entered an order making numerous findings of fact and awarding the care, custody and control of Larry to Mr. and Mrs. Brewer "for the greater part of the time" but with the provision, among other things, that Larry be permitted to spend one night each week in the home of his parents and be with his parents and family on vacation trips and the like not more than fifteen days in any calendar year. Judge Carr found as a fact that Mr. Williams was a disabled veteran and unemployed and that Mrs. Williams was employed. There was no appeal from Judge Carr's order.

On 15 July 1969, by appropriate order, this cause was transferred to the District Court Division. On 5 September 1969 McLelland, District Judge, pursuant to a motion in the cause by Mr. and Mrs. Williams, due notice to Mr. and Mrs. Brewer, and a hearing, entered an order in which he denied custody to Mr. and Mrs. Williams but made certain modifications in Judge Carr's order including provision that Larry live with his parents during the months of June and August of each year "in order to maintain the child-parent relationship." There was no appeal from this order.

On 11 December 1969 Mr. Williams filed a petition in the cause alleging that Mr. Brewer had failed to comply with the 5 September 1969 order and asked, among other things, that Larry's exclusive custody and control be awarded to his parents. The Brewers answered the petition and on 22 December 1969

District Judge McLelland conducted a further hearing in the matter. On 31 December 1969 an order was entered modifying previous orders to the extent that Larry would spend from 25 December 1969 until 31 December 1969 and the months of June, July and August of each year with his parents. The Brewers appealed from this order.

*No counsel for petitioner appellees.*

*Newsom, Graham, Strayhorn & Hedrick by Ralph N. Strayhorn and E. C. Bryson, Jr., for respondent appellants.*

BRITT, J.

Appellants contend that the trial court erred in modifying previous orders pertaining to Larry's custody without hearing evidence and finding facts on which the appellate court can determine if the modified order is adequately supported by competent evidence and is for the best interest of the minor child. The point is well taken.

In *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967), in an opinion by Branch, J., we find the following:

"It is generally recognized that decrees entered by our courts in child custody and support matters are impermanent in character and are *res judicata* of the issue *only so long as the facts and circumstances remain the same as when the decree was rendered.* The decree is subject to alteration upon a change of circumstances affecting the welfare of the child. *Thomas v. Thomas,* 248 N.C. 269, 103 S.E. 2d 371; *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153.

\* \* \*

The court's findings of fact as to the care and custody of children will not be disturbed when supported by competent evidence, even though the evidence be conflicting. *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144; *In Re Hamilton,* 182 N.C. 44, 108 S.E. 385.

However, when the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and

the case remanded for detailed findings of fact. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324."

In the case before us the record discloses no evidence upon which the trial judge based the order appealed from and said order contains no findings of fact tending to show a change of circumstances since entry of previous orders to justify a modification of those orders. For the reasons stated, the order appealed from must be vacated and the cause remanded for detailed findings of fact based upon competent evidence.

Error and remanded.

BROCK and HEDRICK, JJ., concur.