WALTER LEE POWELL v. AUDREY S. POWELL

No. 757DC105

(Filed 21 May 1975)

1. Divorce and Alimony § 24— child custody — insufficiency of findings

Findings that "defendant is a fit and suitable person to have the custody of the children born of the union" and that "plaintiff is a fit and suitable person to have visitation rights with the children" are insufficient to sustain an award of custody.

2. Divorce and Alimony § 8— abandonment without physical departure

One spouse may abandon the other without physically leaving the home; in that event, the physical departure of the other spouse from the home is not an abandonment by that spouse.

3. Divorce and Alimony § 8— constructive abandonment

The constructive abandonment by the defaulting spouse may consist of either affirmative acts of cruelty or of a wilful failure, as by a wilful failure to provide adequate support.

4. Divorce and Alimony § 8— abandonment — decrease in support — insufficient findings

Finding that while living apart plaintiff supplied his wife and family with funds and materials in excess of $600 per month but that

in August 1973 cut the amount to $80 per week was insufficient to sustain the court's conclusion that plaintiff abandoned defendant in August 1973 where there was no finding that plaintiff brought their cohabitation to an end without justification, without consent of the other spouse and without intent of renewing it, and there was no finding that plaintiff's reduction of support was wilful or without excuse.

**5. Divorce and Alimony § 16— attorney's fee — insufficient findings**

The trial court's award of an attorney's fee to defendant cannot be sustained where the court failed to make findings of fact upon which a determination of its reasonableness could be based.

**6. Divorce and Alimony § 16— alimony based on capacity to earn — insufficient findings**

The trial court erred in basing the amount of plaintiff's alimony and child support payments on his capacity to earn rather than on his actual earnings where there was no finding that plaintiff was failing to exercise his capacity to earn because of a disregard of his marital obligation.

APPEAL by plaintiff from *Harrell, Judge*. Judgment entered 26 November 1974, in District Court, WILSON County. Heard in the Court of Appeals 9 April 1975.

Plaintiff husband instituted this action on 1 April 1974 seeking an absolute divorce from defendant based on one year's separation. On 10 April 1974 defendant filed an answer in which she denied a continuous separation for more than one year. Defendant pled abandonment as a bar to plaintiff's action and counterclaimed for permanent alimony, child support and custody and reasonable attorney fees.

At the trial plaintiff's evidence tended to show that he and the defendant were married in 1961 and have three children; that about four years before the trial of this case, defendant left the family home in Wilson County and moved to her mother's home in Pink Hill, taking the three children with her; that thereafter, until January 1973, plaintiff frequently visited defendant and the children in Pink Hill, but he "usually spent the night with one of his wife's relatives" and he and defendant "did not have any sexual relations"; and that in January 1973, plaintiff and defendant began living "completely and separately apart." Other evidence introduced by the plaintiff tended to show that until August 1973, plaintiff "was able from money he saved in prior years, to provide the defendant and children with money and goods from his service station in the amount of approximately $600.00 per month [but] [t]hat the money

Powell v. Powell

he had saved had been completely used up and that he has been able to pay only $80.00 per week since that time"; that plaintiff operates a service station in Lucama, North Carolina, and in 1973 he had "a net loss of $14,143.35; [t]hat he has no other income, and that the business for 1974 is about the same." Plaintiff also introduced evidence tending to show that when he and defendant were living together, plaintiff's father deeded him a farm and when the defendant moved to Pink Hill plaintiff conveyed the farm back to his father without consideration.

Defendant's evidence tended to show that defendant moved out of plaintiff's home to her mother's home in Pink Hill in October 1969, and has lived there since then; that "until August, 1973, the plaintiff visited her and the children approximately twice a week at her mother's home and that she had sexual relations with the plaintiff during those visits; that she and the plaintiff had sexual relations on several other occasions; "[t]hat in August, 1973, the plaintiff told her that he did not love her any longer and wanted to separate"; "[t]hat she has only a high school education and no business training or experience" and "works part-time for Nationwide Insurance Agency for 12 hours per week at $1.50 per hour"; that she owns a farm in Lenoir County from which she receives $1200 a year for leasing the tobacco acreage and that she plants other crops from which she receives income and also plants a large garden for her own use; that defendant's expenses for her and the children are $657-$723 per month.

The trial court held that plaintiff was not entitled to a divorce and entered judgment (1) awarding the defendant custody of the children, and (2) ordering plaintiff to pay the Clerk $200 for defendant's attorney's fee, $50 per week in alimony and $60 per week in child support. Plaintiff appealed.

*Kirby and Clark, by John E. Clark, for plaintiff appellant.*

*Turner & Harrison, by Fred W. Harrison, for defendant appellee.*

MORRIS, Judge.

Plaintiff first contends that the trial court did not make sufficient findings of fact to sustain the award of custody of the three minor children to the defendant.

G.S. 50-13.2(a) provides that "[a]n order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child."

[1]   Here, the trial court found "[t]hat the defendant is a fit and suitable person to have the custody of the children born of the union." Such a finding was necessary under the decision in *Cameron v. Cameron,* 231 N.C. 123, 56 S.E. 2d 384 (1949). See 3 Strong, N. C. Index 2d, Divorce and Alimony, § 24, p. 377. The trial court also found that "the plaintiff is a fit and suitable person to have visitation rights with the children" and then, without further findings, concluded that the defendant is entitled to an order awarding custody of the children to her.

Our Supreme Court frequently has stated that the findings of the trial court in regard to the custody of children are conclusive when supported by competent evidence. 3 Strong, N. C. Index 2d, *ibid.*

"However, when the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact." *Crosby v. Crosby,* 272 N.C. 235, 238-239, 158 S.E. 2d 77 (1967), citing *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967).

In this regard we find the language of Britt, J., in the case of *In re Moore,* 8 N.C. App. 251, 254, 174 S.E. 2d 135 (1970), instructive. There it was noted:

". . . The institution of the present proceeding invoked the jurisdiction of the District Court of Beaufort County to inquire into the custody of Amy Hope Moore, *to determine what custodial arrangement would best serve her welfare, to make findings of fact based on competent evidence with respect thereto,* and enter an order awarding her custody to such 'person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child.' G.S. 50-13.2(a)." (Emphasis supplied.) See also *Boone v. Boone,* 8 N.C. App. 524, 174 S.E. 2d 833 (1970) ; and *In re Williams,* 9 N.C. App. 24, 175 S.E. 2d 326 (1970).

We conclude that the facts found by the trial court are insufficient to sustain the award of custody in this case. Nor do we find in the record evidence sufficient for the court to make findings of fact as to the best interests of the children with respect to their custody. A new hearing is necessary in order that the court may, upon competent evidence, make findings with respect to the question of whether an award of the custody of the three minor children to the plaintiff or the defendant will "best promote the interest and welfare of the child[ren]."

[2-4] Plaintiff next argues that the trial court failed to make sufficient findings of fact to sustain its conclusion of abandonment upon which the award of permanent alimony to the defendant was based. Again, we find merit in plaintiff's contention.

G.S. 50-16.2(4) provides as follows:

"§50-16.2. *Grounds for alimony*—A dependent spouse is entitled to an order for alimony when:

. . .

(4) The supporting spouse abandons the dependent spouse."

". . . The statute does not define abandonment. [However], [o]ne spouse abandons the other, within the meaning of this statute, where he or she brings their cohabitation to an end without justification, without the consent of the other spouse and without intent of renewing it. See, *Richardson v. Richardson*, 268 N.C. 538, 151 S.E. 2d 12. One spouse may abandon the other without physically leaving the home. *Bailey v. Bailey*, 243 N.C. 412, 90 S.E. 2d 696; *McDowell v. McDowell*, 243 N.C. 286, 90 S.E. 2d 544; *Blanchard v. Blanchard*, 226 N.C. 152, 36 S.E. 2d 919. In that event, the physical departure of the other spouse from the home is not an abandonment by that spouse. The constructive abandonment by the defaulting spouse may consist of either affirmative acts of cruelty or of a wilful failure, as by a wilful failure to provide adequate support. *McDowell v. McDowell, supra; Blanchard v. Blanchard, supra.*" *Panhorst v. Panhorst*, 277 N.C. 664, 670-671, 178 S.E. 2d 387 (1971).

Here, the trial court found:

"That for several years, the plaintiff (Walter Lee Powell) has resided in Wilson County; and the defendant (Audrey S. Powell) has resided with her mother in Lenoir County near the town of Pink Hill."

"That up until the month of August, 1973, the plaintiff (Walter Lee Powell) visited his wife in her mother's home on an average of at least twice each week, during which time the marriage relationship continued."

"That during the period of living in separate households, the parties took trips together and spent several nights in various motels, one such occasion being in March, 1973 at the Holiday Inn in Raleigh and another such occasion being in August, 1973 at Myrtle Beach, South Carolina.",

and finally:

"That living in separate households and until August, 1973, the plaintiff supplied his wife and family with funds and materials in excess of Six Hundred Dollars ($600.00) monthly. That beginning in August, 1973, said funds were cut to Eighty Dollars per week, and materials received from the business were eliminated entirely."

The trial court then concluded "[t]hat the plaintiff . . . by his actions . . . abandoned his wife and children in August of 1973 without providing them with sufficient support to maintain them in their usual manner of living . . ." The record contains no finding of fact with respect to whether plaintiff brought their cohabitation to an end "without justification, without the consent of the other spouse, and without the intent of renewing it." Furthermore, while one spouse may abandon the other by a *"wilful* failure and refusal to provide her with any support," here there was no finding of fact that the reduction of support after August, 1973, was wilful or without excuse. (Emphasis supplied.) The fact that in 1973 plaintiff's business had a net loss of $14,000 would tend to negate such a finding.

The facts found by the trial court are insufficient to sustain its finding of abandonment.

[5]  By his third assignment of error plaintiff argues that the trial court did not make sufficient findings of fact to sustain the award of reasonable attorney fees to the defendant. As we pointed out in *Austin v. Austin,* 12 N.C. App. 286, 296, 183 S.E. 2d 420 (1971),

". . . It is uncontroverted that G.S. 50-16.4 and G.S. 50-13.6 permit the entering of a proper order for 'reasonable' counsel fees for the benefit of a dependent spouse, but the record

in this case contains no findings of fact, such as the nature and scope of the legal services rendered, the skill and time required, *et cetera,* upon which a determination of the requisite reasonableness could be based. Compare, for example, the evidence and findings in *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221 (1967). See also *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899 (1949)."

The failure of the trial court to make adequate findings of fact with respect to counsel fees requires that this assignment of error be sustained.

**[6]** Plaintiff also argues that the trial court abused its discretion in setting the amount of his weekly alimony and support payments in that it failed to consider the amount of his present earnings, and instead based its decision on his capacity to earn, without finding that he was "failing to exercise his capacity to earn because of a disregard of his marital obligation." We again find merit in plaintiff's contention. Here the trial court found:

"That the plaintiff is self-employed, with a gross income exceeding One Hundred Seventeen Thousand Dollars $117,-000) annually, as reflected upon his tax returns, which also reflect a net loss of Fourteen Thousand Dollars ($14,000) for 1973 and very little profit for the preceding years.",

and that

". . . the plaintiff is an able-bodied man, with a gross income of more than One Hundred Seventeen Thousand Dollars ($117,000) who has shown a loss or little profit from his business (service station) for several years. Yet the plaintiff personally and his family until August, 1973, lived very well from the business, and the plaintiff stated to the Court that although he was not making any money from the business, he had no plans to seek other employment and that he had no other sources of income or savings. That the plaintiff is fully able to support his family as evidenced by his actions prior to August of 1973."

As was pointed out in *Robinson v. Robinson,* 10 N.C. App. 463, 467-468, 179 S.E. 2d 144, 147 (1971):

"Plaintiff is entitled to a fair and reasonable allowance for support for herself and her three children. The granting of an allowance and the amount thereof does not necessarily

depend upon the earnings of the husband. One who is able bodied and capable of earning, may be ordered to pay subsistence. *Brady v. Brady,* 273 N.C. 299, 160 S.E. 2d 13; *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728. If the husband is honestly and in good faith engaged in a business to which he is properly adapted, and is making a good faith effort to earn a reasonable income, the award should be based on the amount which defendant is earning when the award is made. *To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife and children. Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912." (Emphasis supplied.)

For reasons set out, the cause must be remanded for further hearing and findings consistent with this opinion. We observe that in the order entered the court did not make separate findings with respect to the needs of the children and the needs of defendant. In the order entered upon rehearing, should the court determine that defendant is entitled to alimony, the court would be well advised to make findings with respect to the needs of defendant separate from the findings with respect to the needs of the children.

Error and remanded.

Judges VAUGHN and CLARK concur.