BETTY WILLIAMS MEDLIN v. CHARLES THOMAS MEDLIN

No. 7310DC210

(Filed 14 March 1973)

1. **Divorce and Alimony § 18— temporary alimony — insufficient findings to support award**

   Since the trial court made no finding that the dependent spouse did not have sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof, the order awarding temporary alimony to plaintiff dependent spouse is vacated.

2. **Divorce and Alimony §§ 23, 24— child custody and support — sufficiency of findings to support award**

   Though it would have been better for the trial court to be more specific in stating its findings of fact and conclusions of law in a child custody and support case, there was substantial compliance with applicable statutes and the order is affirmed.

APPEAL by defendant from *Winborne, District Judge,* at the 23 October 1972 Session of District Court for WAKE County.

In this action, instituted 3 August 1972, plaintiff asks for temporary and permanent alimony, custody of and support for minor children, and counsel fees, charging defendant with adultery and abandonment. Following a hearing, the court entered separate orders providing for (1) temporary alimony and (2) child custody and support. Defendant appealed from both orders.

*Boyce, Mitchell, Burns & Smith by Eugene Boyce for plaintiff appellant.*

*Hollowell, Ragsdale & Kirschbaum, P.A. by William L. Ragsdale and Tharrington, Smith & Hargrove by Roger W. Smith for defendant appellant.*

BRITT, Judge.

## ALIMONY ORDER

[1] This order recites a stipulation by defendant that he had committed the act or acts set forth in G.S. 50-16.2 (1). The court found facts including findings that defendant is a supporting spouse, being a practicing physician with a 1971 income of approximately $74,000.00, and that plaintiff is unemployed and a dependent spouse substantially dependent upon defendant for support. The court made conclusions of law based on its findings of fact, awarded plaintiff possession of the home and furnishings, and ordered that defendant pay plaintiff $720.00 per month, pay ad valorem taxes on real and personal property owned by the parties, and pay plaintiff's medical, dental and drug expenses.

Defendant contends the findings of fact and conclusions of law are insufficient to support the alimony order. We reluctantly agree with this contention.

In *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971), in an opinion by Chief Judge Mallard, this court, as set forth in headnote 10 of the opinion, held: "To support an award of alimony *pendente lite* to a dependent spouse, there must be factual findings that (1) the dependent spouse is entitled to such relief and (2) the dependent spouse does not have sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. G.S. 50-16.3 (a) (1), (2)."

In the instant case the trial court made no finding that dependent spouse does not have sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. For that reason the alimony order is vacated and with respect to temporary alimony, the cause is remanded for further proceedings.

## CHILD CUSTODY AND SUPPORT ORDER

[2] This order awarded custody of the two minor children of the parties to plaintiff, with specified visitation privileges in

defendant, and provided that defendant would pay $635.00 per month for the support of said children and also pay their medical, dental and drug bills. Defendant contends the trial court failed to "find the facts specially and state separately its conclusions of law thereon" as required by G.S. 1A-1, Rule 52(a) (1). We hold that while it would have been better if the court had been more specific in stating its findings of fact and conclusions of law, there was substantial compliance with applicable statutes. All assignments of error pertaining to the child custody and support order are overruled.

Our decision is: The alimony order is vacated and with respect to temporary alimony, the cause is remanded; the child custody and support order is affirmed.

Judges PARKER and HEDRICK concur.