JOYCE HENLINE PAINTER v. MALCOLM CHAMPY PAINTER

No. 7429DC523

(Filed 2 October 1974)

1. **Divorce and Alimony § 23— child support order — child now age 18 — mootness**

   The correctness of a child support order is moot where the child became 18 years of age while appeal from the order was pending.

2. **Divorce and Alimony § 18— right to counsel fees**

   A spouse who is not entitled to alimony *pendente lite* is also not entitled to an award of counsel fees.

3. **Divorce and Alimony § 18— alimony pendente lite — living expenses — insufficiency of findings**

   The court's findings of fact did not support an award of alimony *pendente lite* and counsel fees to the wife where the court found that the wife and her daughter have living expenses of $400 per month, the daughter became 18 years of age pending appeal of the order, the court made no finding as to the wife's expenses alone, and there was no finding that the daughter is incapable of self-support.

APPEAL by defendant from *Matheny, District Court Judge,* 28 February 1974 Session of McDOWELL County, General Court of Justice, District Court Division.

Plaintiff filed this action for alimony *pendente lite,* counsel fees, temporary possession of the home, and support of the daughter throughout her college career. The trial court found the following facts, *inter alia:*

"1. . . . one child, Deborah Lynn, was born of said marriage on April 10, 1956.

\*    \*    \*

3. That since the separation the defendant has not supported the plaintiff, and has given for the support of their daughter only the sum of $25.00; that the living

expenses for the plaintiff and their daughter now are about $400.00 per month; . . . that the plaintiff owns no property, now has net take home pay of $51.00 for 4 days work each week after deduction for taxes and sum of $30.00 each week she deposits in a special account at the Credit Union for sole use of college expenses of their daughter; that to date she has accumulated $1200.00 for this purpose; . . . that the plaintiff is to have surgery on April 5, 1974, and will be unable to work for a month . . . that she and her daughther are now in urgent need of about $350.00 per month for support.

\* \* \*

5. That the defendant, age 38, is able to work, and since their marriage has been gainfully employed and now earns net take home pay of $80.00 for 5 days work, $115.00 for 6 days, and $140.00 for 7 days week (sic); that he owns small tract of several acres, owns two trucks . . . had additional income of $500.00 more each year from cattle trading. . . .

6. That plaintiff and defendant own a home as tenants by the entireties . . . upon which defendant has paid and is paying $97.00 per month. . . .

The trial court then concluded:

"That plaintiff is a dependent spouse under the law; that she does not have sufficient means or property to subsist during the prosecution of this action, and to defray expenses of same, and that she is entitled to alimony pendente lite at this time, counsel fees, and reasonable support for their child; . . . . The court finds that the defendant should pay sum of $125.00 for plaintiff's counsel, the sum of $40.00 each week to plaintiff for alimony pendente lite . . . and the sum of $25.00 per week for support of Debra (sic) . . . . "

Furthermore, the court ordered defendant:

" . . . to execute valid title on the 1972 Maverick to plaintiff . . . to vacate the matrimonial home of the parties. . . . . . . to continue to make monthly payments of $97.00 on debt of the home."

*Wingate Cain, Jr., for plaintiff appellee.*

*Everette C. Carnes, for defendant appellant.*

MARTIN, Judge.

The defendant argues on appeal that the trial court erred in finding that the plaintiff was entitled to alimony *pendente lite* under G.S. 50-16.3 and counsel fees under G.S. 50-16.4. In the alternative, defendant argues that the terms of the trial court's award exceeded its discretion.

[1]  It appears from the court's order that the defendant is required to pay $25.00 per week for the support of a child who was not eighteen years of age at the time of the award but became eighteen pending appeal. As defendant states in his brief, the correctness of the child support order is now moot.

[2]  The financial ability of the husband to pay is a major factor in the determination of the amount of subsistence to be awarded. *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5 (1968). A spouse who is not entitled to alimony *pendente lite* is also not entitled to an award of counsel fees. *Sprinkle v. Sprinkle,* 17 N.C. App. 175, 193 S.E. 2d 468 (1972). "The remedy of subsistence and counsel fees *pendente lite* is intended to enable the wife to maintain herself according to her station in life and to employ counsel to meet her husband at the trial upon substantially equal terms." *Brady v. Brady,* 273 N.C. 299, page 304, 160 S.E. 2d 13 (1968) ; *Myers v. Myers,* 270 N.C. 263, 154 S.E. 2d 84. There is no element of punishment involved. *Lemons v. Lemons,* 22 N.C. App. 303, 206 S.E. 2d 327 (1974). In order for the plaintiff to be awarded alimony *pendente lite* in the case at bar, it must appear that she is the dependent spouse, that she is entitled to the relief she demands and that she is without means to subsist during the pendency of this action. *Hogue v. Hogue,* 20 N.C. App. 583, 202 S.E. 2d 327 (1974). Subdivision (1) and (2) under G.S. 50-16.3(a) are conjunctive, and the grounds stated in both subdivisions must be found to exist before alimony *pendente lite* may be awarded. *Hogue v. Hogue, supra.*

[3]  According to the record, the plaintiff *and* her daughter have living expenses of $400.00 per month. Using this figure, the wife's expenses clearly exceed her income. Pending appeal, the daughter became age eighteen. The wife's expenses alone were not set out by the trial court, and there was no finding that the daughter is incapable of self-support. These findings, at least, were necessary to support the court's order.

The alimony *pendente lite* order and other orders are vacated and the cause is remanded for further hearing.

Chief Judge BROCK and Judge MORRIS concur.