PEARL W. TOWNSON v. W. D. TOWNSON

No. 751DC108

(Filed 21 May 1975)

**Divorce and Alimony § 16— alimony without divorce — findings required**
>    Under G.S. 50-16.3(a) it must appear that the wife is the depend-
> ent spouse, that she is entitled to the relief she demands, and that she
> is without means to subsist during the pendency of the action, and the
> trial court is required only to find the ultimate facts and need not
> include evidentiary or subsidiary facts required to procure the ultimate
> facts.

APPEAL by defendant from *Walker, Judge.* Order entered
12 November 1974 in District Court, CHOWAN County. Heard in
the Court of Appeals 9 April 1975.

Plaintiff-wife brought this action against defendant-hus-
band for alimony without divorce. After hearing on plaintiff's
motion for alimony pendente lite, the trial court, after finding
facts and making conclusions of law, ordered that defendant
pay to plaintiff the sum of $250.00 per week in alimony pendente
lite, pay her drug, medical, and hospital bills, her counsel fees,
and deliver to her an automobile and other personal property.
Defendant excepted and appealed.

*Earnhardt & Busby, P.A. by Wiley J. P. Earnhardt, Jr.,*
*for plaintiff.*

*White, Hall, Mullen & Brumsey by Gerald F. White for*
*defendant.*

CLARK, Judge.

From a careful examination of the record, we find that the
court's findings of fact to which defendant excepts are sup-
ported by the evidence. We find those assignments of error are
without merit.

Defendant contends that the findings of the trial court do
not support the order in that the court failed to make any find-
ings as to plaintiff's living expenses and as to her reasonable
needs, relying on *Painter v. Painter,* 23 N.C. App. 220, 208 S.E.
2d 431 (1974). In the *Painter* case the trial court found that the
plaintiff-wife and her daughter had living expenses of $400.00
per month, and it was remanded for that the wife's expenses

Cycles, Inc. v. Honda Motor Co.

alone were not set out and there was no finding that the daughter was incapable of self-support; and the ruling therein is limited by the facts of the case, it being obvious that the controlling factor was the failure to separate the support needs of the wife and child.

Under G.S. 50-16.3 (a), it must appear that the wife is the dependent spouse; that she is entitled to the relief she demands; and that she is without means to subsist during the pendency of this action. See also 2 R. Lee, N. C. Family Law, § 138 (1963). And the trial court is required only to find the ultimate facts and need not include evidentiary or subsidiary facts required to procure the ultimate facts. *Medlin v. Medlin,* 17 N.C. App. 582, 195 S.E. 2d 65 (1973).

We hold that the trial court's findings of fact, some of which are found in so-called "Conclusions of Law", included the required ultimate facts, and the order of the trial court is

Affirmed.

Judges MORRIS and VAUGHN concur.