---
Haddon v. Haddon
---

---

ANN HARRISON HADDON v. WILLIAM WINFIELD HADDON

No. 787DC1075

(Filed 21 August 1979)

1. **Divorce and Alimony § 18.8— alimony pendente lite — evidence of sexual acts — admissibility**

Testimony by a wife concerning unnatural sex acts between the parties was not rendered inadmissible by G.S. 8-56, establishing a spousal privilege applicable to the testimony of husband or wife in an action in consequence of adultery, or for divorce on account of adultery, since the testimony regarding sexual conduct in this temporary alimony proceeding was offered to establish constructive abandonment.

2. **Divorce and Alimony § 18.12— alimony pendente lite — right to relief — sufficiency of evidence**

Evidence in an action for temporary alimony was sufficient to support the trial court's finding that defendant forced plaintiff to participate in abnormal and unnatural sexual conduct, and that such conduct was so abhorrent and degrading to plaintiff as to render it impossible for her to maintain the marital relationship.

3. **Divorce and Alimony § 18.11— alimony pendente lite — dependency of wife — sufficiency of evidence**

Evidence was sufficient to support the trial court's award of alimony pendente lite to plaintiff where the evidence tended to show that plaintiff had to use her savings and borrow money from her family in order to buy food and gasoline, and defendant failed to accept responsibility in his business, failed to

file federal or state income tax returns, and failed to pay promptly household bills.

**4. Divorce and Alimony § 18.9— alimony pendente lite—defendant's income—sufficiency of evidence**

Evidence was sufficient to support the trial court's award of alimony pendente lite and child support, though there was no evidence of defendant's earnings because he had never filed an individual income tax return, where the evidence did show that defendant was sole proprietor of a wholesale business; there was $1500 to $1600 in the cash drawer of the business; his accounts receivable were between $25,000 and $40,000; and the business inventory was between $45,000 and $60,000.

**5. Divorce and Alimony § 18.16— alimony pendente lite— attorney fee award—finding required**

In an action for alimony pendente lite, the trial court erred in awarding plaintiff attorney fees without making a finding as to the reasonable value of the legal services rendered.

APPEAL by defendant from *Britt (George M.), Judge.* Order entered 13 July 1978 in District Court, NASH County. Heard in the Court of Appeals 29 June 1979.

Plaintiff-wife instituted this action by filing a complaint on 5 May 1978 in which she requested permanent and temporary alimony, child custody and support and possession of the parties' home place. A hearing to consider plaintiff's requests, with the exception of permanent alimony, was held on 25 May 1978.

At the hearing, evidence for the plaintiff tended to show that the plaintiff and the defendant were married on 6 July 1973. No children were born of the marriage; however, plaintiff's child of a prior marriage was adopted by the defendant in 1973. The relationship between the parties began to deteriorate in 1974 when the defendant began bringing pornographic magazines into the home and placing unreasonable sexual demands on the plaintiff. The defendant threatened to cut off plaintiff's grocery money if she did not comply with his sexual demands. Evidence for the plaintiff further tended to show that the defendant failed to operate his business properly and that as a consequence the plaintiff was forced to borrow money from her parents to pay for necessities for herself and the child.

Evidence presented by the defendant tended to show that the plaintiff did not object to the defendant's sexual demands, and

that the plaintiff specifically told the defendant that the defendant's sexual demands were not the reason for her decision to separate from the defendant. The defendant denied that he failed to adequately support the plaintiff and testified that his business had between $45,000-$60,000 in inventory with $3,200 in accounts payable and $25,000-$40,000 in current accounts receivable.

After hearing the evidence, the trial judge entered an order awarding temporary alimony, custody of the child and child support, possession of the home place and attorney's fees to the plaintiff. The judge found in part that the defendant: (1) failed to provide adequate support for the plaintiff and child; (2) intimidated the plaintiff to participate in sexual practices which were intolerable to her; (3) practiced deviate sexual practices in the home; (4) refused to carry on his business in a normal fashion; and (5) refused to pay household bills and face his financial problems to the detriment of the plaintiff and the child. The judge further found that the defendant's conduct was so abhorrent and degrading that the plaintiff was justified in leaving the home.

From the entry of the order, defendant appeals.

*Thorp, Anderson & Slifkin by William L. Thorp and Michael J. Anderson for plaintiff appellee.*

*Don Evans for defendant appellant.*

CLARK, Judge.

[1] Defendant first assigns as error the admission by the trial court of evidence concerning unnatural sex acts between the plaintiff and the defendant. Defendant contends that evidence of spousal sexual conduct is not admissible as such evidence constitutes a "confidential communication" within the meaning of G.S. 8-56.

G.S. 8-56 establishes a spousal privilege applicable to the testimony of husband or wife in "any action or proceeding in consequence of *adultery*, or in any action or proceeding for divorce on account of *adultery*; or in any action or proceeding for or on account of *criminal conversation* . . . ." (Emphasis added.) Clearly, an application of G.S. 8-56 is not proper where, as here, the testimony regarding sexual conduct is offered to establish constructive abandonment in a temporary alimony proceeding. De-

fendant's reliance on cases such as *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972) and *Hicks v. Hicks*, 271 N.C. 204, 155 S.E. 2d 799 (1967), is misplaced, as the purpose of the testimony offered in those cases was to prove adultery on the part of one of the spouses. Furthermore, the defendant failed to object to the introduction of the testimony at trial and in fact in his own testimony admitted the performance of certain deviate sexual acts. *See Hunt v. Wooten*, 238 N.C. 42, 76 S.E. 2d 326 (1953). This assignment of error is overruled.

The defendant contends that there is no evidence to support the findings by the trial court that defendant (1) failed to provide adequate support and (2) forced participation in sex practices which were intolerable to plaintiff, the grounds for alimony alleged in the complaint.

[2] One of the requirements for an award of alimony *pendente lite* is that the court find as an ultimate fact that it appears from the evidence that the alleged ground for alimony appears to be true. G.S. 50-16.3(a)(1), and *see Sprinkle v. Sprinkle*, 17 N.C. App. 175, 193 S.E. 2d 468 (1972). It is sufficient if the trial court finds that it *appears* from the evidence that the dependent spouse is entitled to the relief demanded and that it appears the said spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to pay the necessary expenses thereof. *Painter v. Painter*, 23 N.C. App. 220, 208 S.E. 2d 431 (1974); *Sprinkle v. Sprinkle, supra*.

Evidence of abnormal and unnatural sexual conduct was offered by both plaintiff and defendant. There was conflicting evidence on the question of whether such conduct was abhorrent and intolerable to the plaintiff. However, the plaintiff did offer abundant evidence that defendant's persistent sexual conduct was intolerable to her and that she was forced against her will to engage in them with defendant. We find such evidence sufficient to support the finding of the trial court that such conduct by defendant was so abhorrent and degrading as to render it impossible for plaintiff to maintain the marital relationship and to cause her to separate from defendant. G.S. 50-7(4) and G.S. 50-16.2(7).

[3] Plaintiff also presented evidence which tended to show that the plaintiff depleted her personal savings in order to provide

necessities for the family. She was forced on several occasions to borrow money from her family in order to buy food and gasoline. Standing alone, the defendant's failure to provide support would be sufficient to uphold the judge's award of alimony *pendente lite* to the plaintiff. Moreover, in this case, the defendant's failure to accept responsibility in his business, his failure to file federal or state income tax returns and his recurring failure to promptly pay household bills could collectively constitute constructive abandonment. *See Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E. 2d 138 (1971).

[4] Defendant next contends that the trial court failed to make sufficient findings of the defendant's income and financial ability to support the award of alimony *pendente lite* as required by G.S. 50-16.5, and for child support as required by G.S. 50-13.4(c). There was no evidence of defendant's earnings because he had never filed an individual income tax return. Defendant testified that he was in contact with an IRS agent about his failure to file tax returns for 1975, 1976, and 1977. However, it did appear from the evidence that defendant was sole proprietor of a wholesale business, that there was $1500 to $1600 in the cash drawer of the business, that his accounts receivable were between $25,000 and $40,000, and that the business inventory was between $45,000 and $60,000. It is apparent that defendant has substantial assets and some earnings, but that defendant's failure to prepare business statements and file income tax returns precluded any competent evidence of his earnings. We concede that it would be more desirable for the trial court to have more evidence of defendant's earnings and financial condition and that the court make more detailed findings of fact based on such evidence, but in view of the fact that such evidence was not available to the court because of defendant's failure or refusal to prepare business records and file income tax returns and that the alimony was temporary, we conclude that the evidence and findings are sufficient to support the awards of alimony *pendente lite* and child support. This is a situation where the statutory requirements for determining awards for support of dependent children (G.S. 50-13.4) and spouses (G.S. 50-16.5) must be so construed that legislative purpose is not vanquished by the rule of strick construction. A parallel situation arises where the supporting spouse deliberately depresses income in disregard for the duty to provide for the de-

pendent spouse and children, in which case it is extablished that capacity to earn may be the basis of an award. *See Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976).

**[5]** Defendant finally argues and the plaintiff concedes that the trial court erred in awarding attorney fees to the plaintiff in the absence of findings as to the value of the legal services.

In this contention, the defendant is correct. A finding by the trial court as to the reasonable value of legal services rendered is necessary in order to sustain an award of attorney fees. *Self v. Self*, 37 N.C. App. 199, 245 S.E. 2d 541, *cert. denied*, 295 N.C. 648, 248 S.E. 2d 253 (1978). No such finding was made in this case. Therefore, this portion of the order is vacated and remanded to the trial court for further proceedings.

The order appealed from is

Affirmed in part; reversed in part; and remanded.

Judges MITCHELL and ERWIN concur.